[Sac. No. 248.   Department Two.—May 20, 1897.]

# S. LUKE HOWE et al., Respondents, v. F. T. JOHN-SON, Appellant.

Sale—Stock and Fixtures of Saloon—Statute of Frauds—Change of Possession—Control of Premises—Sign of Vendor.—Where the owner of a saloon sold the stock and fixtures thereof to a former bartender, who was not employed at the time of the sale, in consideration of a cash payment by the vendee and the extinguishment of indebtedness from the vendor to him, amounting in all to more than the full value of the property sold, the sale not being intended to hinder, delay, or defraud the creditors of the vendor; and where the property sold was immediately delivered to the vendee, who, not then having a liquor license, locked up the stock and fixtures, and kept the key of the premises, and was the only person thereafter having control of the property sold, until it was attached as the property of the vendor, who had had no access to the premises or property after the sale, the facts warrant a finding that there was an immediate delivery and an actual and continued change of possession from the vendor to the vendee, and that the title passed from the vendor to the vendee; and the mere fact that the sign of the former owner of the saloon remained upon the premises, until the property was attached, does not require a reversal of such finding.

Id.—Attachment—Subsequent Transfer by Vendee—Effect of Conversion—Change of Title—Demand upon Sheriff—Refusal—Action by Transferees.—The mere conversion of personal property does not change title thereto, prior to the rendition of a judgment for its value; and the mere fact that the stock and fixtures were seized under attachment in a suit against the vendor, prior to a transfer made of them by the vendee to other persons, does not prevent title to the property from passing under such transfer, and, after proper demand made upon the sheriff by such transferees for the delivery of the property to them, and his refusal to deliver the same, and the subsequent sale thereof by the sheriff under execution against the first vendor, such transferees may maintain an action against the sheriff for damages for the conversion of the property.

Appeal from a judgment of the Superior Court of Sacramento County.   A. P. Catlin, Judge.

The facts are stated in the opinion.

*L. T. Hatfield,* for Appellant.

The possession taken by Koch did not carry with it the usual marks and indication of ownership by a vendee, and was not sufficient to vest title in him. (*Stevens v. Irwin,* 15 Cal. 506, 507; 76 Am. Dec. 500; Civ. Code, sec.

3440.) The levy of the attachment was a conversion. (*Irwin* v. *McDowell*, 91 Cal. 123; *Abbot* v. *'76 Land etc. Co.*, 103 Cal. 610.) At the time of the conversion, the property did not belong to the plaintiffs, and they have no right of action therefor; nor did Koch himself have any right of action to transfer, he not having made demand for the property. (Code Civ. Proc., secs. 549, 689.)

*S. Luke Howe,* and *Charles M. Beckwith, in pro. per.,* for Respondents.

Personal property in the possession of another may be transferred by the owners so as to pass title. (*First Nat. Bank* v. *Crocker,* 111 Mass. 163; *Whipple* v. *Thayer,* 16 Pick. 25; 26 Am. Dec. 626; *McKee* v. *Judd,* 12 N. Y. 622; 64 Am. Dec. 515.) The plaintiffs, being owners of the property, were entitled to make demand upon the sheriff. (Code Civ. Proc., sec. 689.)

SEARLS, C.—This action is brought to recover five hundred dollars damages for the unlawful taking and conversion of a stock of liquors, bar fixtures and furniture, the property of one L. Koch, and by him assigned to the plaintiffs herein December 31, 1895. Defendant denied the allegations of the complaint.

For a further answer he justified the taking by showing that he was and is the sheriff of the county of Sacramento; that in an action in which Thomas B. Hall was plaintiff and L. J. Wells was defendant in the justice court of Sacramento township, county of Sacramento, a writ of attachment duly issued and was placed in his hands for execution; that under and by virtue of said writ he, as sheriff, levied upon and took into his possession the property in question as the property of said L. J. Wells, the defendant in said action.

The answer shows that a judgment was subsequently obtained in said action against said Wells, and that an execution issued thereon, under which defendant as such sheriff sold the property.

The cause was tried by the court, and written findings were filed, in which the court found all the allegations of the complaint were true, except that the value of the property taken was three hundred and thirteen dollars instead of five hundred dollars as alleged in the complaint, and except that the articles taken by defendant were those described in his answer. Thereupon judgment was rendered in favor of the plaintiffs.

Defendant appeals from the judgment. The record contains a bill of exceptions or statement of the testimony.

The testimony tended to show that L. J. Wells kept a saloon known as the Yosemite saloon, at No. 228 "J" street, Sacramento, in the year 1895, and owned the stock of liquors, cigars, bar fixtures, furniture, etc., therein.

L. Koch was a bartender for Wells from October 13th to December 23, 1895, at sixty-five dollars per month. The latter was indebted to the former in December in the sum of two hundred and forty dollars, viz., one hundred and forty dollars for wages and one hundred dollars for money loaned, in evidence of which Koch held the promissory note of said Wells. Koch desired payment, and Wells having no money proposed to Koch that if he would pay him another one hundred dollars in cash, give up the note and receipt his demand for wages, he, Wells, would sell to him the stock, fixtures, etc., in the saloon. Koch accepted the offer, and on the twenty-sixth day of December, 1895, the sale was consummated, a bill of sale was given to Koch by Wells, the money paid, note given up, claim canceled, etc. Koch received possession of the property, and having no license to sell liquor locked up the saloon and carried the key.

Koch was negotiating a sale of some of the fixtures in the saloon, but had not effected a sale, when on the thirtieth day of December, 1895, the defendant, sheriff of the county of Sacramento, levied upon and took into his possession said property as the property of said

L. J. Wells, under a writ of attachment in favor of T. B. Hall and against said Wells.

On December 31, 1895, Koch, in consideration of legal services thereafter to be rendered him by plaintiffs, assigned and transferred to the plaintiffs herein by bill of sale all of said property.

On January 6, 1896, the plaintiffs made a demand in writing, duly verified, as provided by sections 549 and 689 of the Code of Civil Procedure, upon defendant, requiring him to deliver to them said property, which was refused.

There was no evidence tending to show the sale from Wells to Koch to have been fraudulent, unless it be that Wells had no property subject to attachment other than the property in question, and that the sign " Yosemite Saloon, L. J. Wells, Proprietor," remained upon the place until the property was attached. Defendant denies that Koch was the owner of the property, or that he transferred it to the plaintiffs.

Appellant contends that the sale from Wells to Koch was void under section 3440 of the Civil Code for want of " an immediate delivery, and followed by an actual and continued change of possession."

We think this contention is not supported by the evidence. Koch had ceased to be in the employ of Wells before the sale and another bartender had been employed. When the sale was made the property was delivered to Koch, the bartender discharged, and the place locked up by Koch, who kept the key and was the only person who thereafter entered the place, except such friends as he took in and treated to cigars, etc. There is no evidence that Wells was ever in or about the place after the sale.

The consideration paid by Koch seems to have been more than the property was worth, and there is nothing in the evidence showing an intent on the part of Wells to hinder, delay, or defraud his creditors.

It is apparent from the testimony that Wells was making no profits from the saloon, and was willing to

sell to pay his indebtedness to Koch.   Under these circumstances we think the evidence warranted the court below in finding in favor of the plaintiff.

2. Appellant contends further that the conversion of the property took place on the thirtieth day of December, 1885, when the defendant took possession thereof, and that thereafter Koch only had a cause of action against defendant, and that his bill of sale of the property *eo nomine* made December 31st, or the next day, transferred no interest in the property to plaintiffs upon which they can maintain an action.

Title to personal property may pass by act of law. Examples of such change occur in cases of forfeiture, succession, marriage, judgment, insolvency, and intestacy.

"On recovery by law in an action of trespass or trover of the value of a specific chattel, of which the possession had been acquired by tort, the title of the goods is altered by the recovery, and is transferred to the defendant; and the damages recovered are the price of the chattel so transferred by operation of law." (2 Kent's Commentaries, 388.)

There is a conflict in the adjudged cases whether the title passes in such cases to the *tort feasor* upon the recovery of judgment, or only upon its satisfaction.

The clear weight of authority is in favor of the latter branch of the proposition, but the question is of no practical importance in the case at bar, and we need not pursue it, as all the authorities agree that in such cases the title does not pass to the wrongdoer upon conversion, and not until judgment obtained for the value of the chattel.

Koch then, if his purchase of the goods was a valid one, had title thereto at the time of his sale to plaintiffs, and the latter, after acquiring such title, might lawfully make demand for their return as provided by statute, and upon a failure or refusal by defendant to yield up possession could maintain an action for conversion.   The error of appellant's argument consists in

confounding conversion with change of title, which are two very different things and not at all synonymous.

After an unlawful conversion the owner may by virtue of his title maintain replevin to recover possession of the chattels, and if possession cannot be had, may recover their value, or he may maintain trover for their value as damages.

The labor of examining the transcript has been enhanced by the want of an index thereto as required by rule 8 of this court.

We find in the cause as presented no cause for reversal, and recommend that the judgment be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.

Hearing in Bank denied.