CROCKER NATIONAL BANK, formerly Crocker-Citizens National Bank, a national banking association, Plaintiff,

v.

TRICAL MANUFACTURING COMPANY, a partnership et al., Defendants.

No. C-73-0106 SW.

United States District Court, N. D. California.

Nov. 26, 1973.

Henry A. Alverson, Walter J. McLellan, San Francisco, Cal., for plaintiff.

John M. Youngquist, and Martin Schainbaum, Asst. U. S. Attys., Tax Div., San Francisco, Cal., for defendant United States.

A. Alan Berger, Humphreys, Berger & Pitto, San Jose, Cal., for defendant Dean Sakel.

Theodore J. Biagini, diLeonardo, Blake, Kelly Aguilar & Leal, Sunnyvale, Cal., for defendant Tri-Cal. Manufacturing.

MEMORANDUM

SPENCER WILLIAMS, District Judge.

This matter came before the Court on cross motions for summary judgment. The issue is whether the Government's tax lien against Trical Corporation has priority over Sakel's pre-judgment creditor's lien against the assets of Trical's predecessor partnership. This question in turn, depends on whether the pre-judgment lien prevented a transfer of the assets from the partnership to the corporation.

The facts are as follows:

In April 1968 Sakel placed a pre-judgment attachment on $7,500 in cash held by Trical Manufacturing Co., a partnership. Upon receipt of the attachment Crocker Bank, interpleader herein, placed the funds in a holding account pursuant to Cal.Civ.Procedure Code § 537.

Trical Manufacturing Co., Inc. was incorporated on July 29, 1968 and on December 31, 1968 Trical partnership, by Bill of Sale, transferred all its assets (including Cash on hand and Cash in Banks) to the new corporation. All funds in the Crocker accounts were transferred to the corporate account with the exception of the $7,500 which remained in the holding account.

The corporation then incurred tax liabilities and the United States properly executed a lien against the corporate assets on October 29, 1970.

On October 30, 1970, Sakel received a judgment in his suit and his judgment lien was perfected.

■ All parties agree that there is no dispute as to these facts, and Sakel concedes that if the $7,500 is part of Trical's corporate assets then the Government should prevail on this motion. Sakel also claims, and the Court agrees, that California law must be applied in determining whether or not the $7,500 became corporate property.

■ Although there is scant case law exactly on point, there is authority that an attachment does not prevent the debtor from transferring his property subject to the attachment. In Bass v. Stodd, 357 F.2d 458, 464 (9th Cir. 1966), the court found that a pre-judgment attachment constituted a transfer within the meaning of the bankruptcy laws, but that generally attachments in California do not prevent the debtor from transferring his property.

> "Decisions of the reviewing courts of California have had occasion to pass upon the nature, effect and priority of attachment liens. The lien acquired by attachment is a vested interest affording specific security for satisfaction of the debt put in suit. (Citations). It is contingent and uncertain in its tenure, being dependent upon an outcome of the proceedings favorable to the plaintiff. (Citations). It does not affect the title of the debtor to the attached property or prevent him from transferring it subject to the lien. Howe v. Johnson, 117 Cal. 37, 48 P. 978 (1897)."

In Howe v. Johnson, *supra*, the court held that Johnson, who was a sheriff attaching liquor stock, did not attain title to the stock or prevent one, Wells, from transferring the stock to Howe. While the attachment in this case was held invalid, the case supports the proposition that an attachment does not prevent the debtor from transferring the property subject to the attachment.

■ Accordingly, it is the opinion of this Court that the pre-judgment attachment did not prevent the partnership from transferring these funds to the corporation (regardless of the fact that there was no physical transfer); that the funds thus became subject to the superior federal tax lien; and that the Government's Motion for Summary Judgment should be granted and Sakel's Motion for Summary Judgment should be denied.

It is so ordered.