NEYER, TRUSTEE, APPELLEE, *v.* THE REUBEN H. DONNELLEY CORP., APPELLANT.

(No. 6638—Decided April 8, 1946.)

*Mr. Alfred C. Klein,* for appellee.
*Mr. Walter K. Sibbald,* for appellant.

MATTHEWS, J.   The Common Pleas Court sustained the plaintiff's motion for judgment on the pleadings and entered judgment accordingly.   This appeal to this court is from that judgment.

Frederick W. Schmidt filed a petition and schedules in bankruptcy in the United States District Court in and for the Southern District of Ohio, Western Division, on the 15th day of September 1942, and was adjudged a bankrupt by that court on that day. Thereafter, on the 19th day of October 1942, Leo B. Neyer was appointed trustee in bankruptcy in such proceeding and filed this action as such trustee.

Prior to the filing of his petition in bankruptcy, the bankrupt owned a Dodge truck upon which The Guardian Bank & Savings Company held a mortgage to secure a balance due of $128.08.

On September 15, 1942, when the petition in bankruptcy was filed and the adjudication in bankruptcy entered, an unsatisfied judgment, rendered on September 2, 1942, existed against the bankrupt in the Municipal Court of Cincinnati, upon which an execution had been issued and levied on the Dodge truck, and on September 15, 1942, an officer sold it for $428.   On

September 18, 1942, such officer distributed the proceeds in payment of the mortgage debt and costs of suit and paid the balance of $281.55 to the judgment creditor, the defendant in this action.

These facts and the fact that plaintiff had demanded payment from defendant of the amount received by it are admitted.

It is also admitted that the bankrupt was insolvent at all times material to this inquiry, but there is no admission that defendant knew it.

The question is whether the defendant is entitled to hold this money as against the judgment debtor's trustee in bankruptcy.

It is admitted that whatever lien the defendant acquired by its judgment and levy upon this Dodge truck, having been acquired within four months, would have been avoided by the filing of the petition in bankruptcy and the subsequent adjudication thereon. Section 67 of the National Bankruptcy Act. It is also conceded that if the execution lien had existed at the time the petition in bankruptcy was filed, the trustee would be entitled to recover for general creditors the amount subsequently realized by the judgment creditor thereon. *Ibid.*

But it is urged that as the truck had been sold when the petition in bankruptcy was filed, no lien existed to be nullified. That the title to the truck had passed to an innocent purchaser, free of all claims of the trustee in bankruptcy, is not doubted, but that is not the property here involved. It is the proceeds of the sale of the truck in the hands of the sheriff or bailiff at the time the bankruptcy proceeding was commenced that is the subject of this controversy.

The question is whether the defendant's title had become so complete and absolute at that time as to make it paramount to the claim of the trustee in bankruptcy. We think not.

In 6 American Jurisprudence, 623, relative to the

effect of filing a petition in bankruptcy, it is said: "Upon the filing of the petition, in general, all power of inchoate rights to become consummated or vested rights ceases." And it is stated further at page 725: "Where the possession of the state court has created a lien by legal proceedings within four months of the bankruptcy and while the debtor is insolvent, the state court does not retain jurisdiction; the property affected must upon adjudication of bankruptcy, be surrendered to the bankruptcy court."

Money realized on execution remains in the custody of the law so long as the executing officer retains it under the writ.

In *Keating* v. *Spink*, 3 Ohio St., 105, 124, 62 Am. Dec., 214, the court, quoting from an earlier case, said: "While the money remains in the hands of the officer, *it is in the custody of the law*. It does not become the property of the judgment creditor till it is paid over * * *." That case is a leading one on the subject, and the principle stated is uniformly set forth as a part of the text statement of the law. 17 Ohio Jurisprudence, 979; 21 American Jurisprudence, 169.

An analysis of the facts of *Clarke* v. *Larremore*, 188 U. S., 486, 47 L. Ed., 555, 23 S. Ct., 363, discloses no substantial difference between the facts of that case and the facts of the case at bar. In that case the sheriff had the money in his hands at the time of the institution of the bankruptcy proceedings, which money was realized from the sale of personal property under an execution to satisfy a money judgment. While there had been an injunction restraining him from disbursing the money, such injunction had been dissolved. It is true that upon the filing of the bankruptcy proceeding in that case, the court issued a restraining order, but if the title of the judgment creditor was good, the restraining order could not affect it. It would only hold the money in the hands of the sheriff, while the right thereto was determined. At page 488,

of the opinion in the *Clarke case,* the court said:

"It is said that that money was not the property of the bankrupt but of the creditor in the execution. Doubtless as between the judgment creditor and debtor, and while the execution remained in force, the money could not be considered the property of the debtor, and could not be appropriated to the payment of his debts as against the rights of the judgment creditor, but it had not become the property absolutely of the creditor. The writ of execution had not been fully executed. Its command to the sheriff was to seize the property of the judgment debtor, sell it and pay the proceeds over to the creditor. The time within which that was to be done had not elapsed, and the execution was still in his hands not fully executed."

At page 490, the court did distinguish the case before it from a case in which the "writ had been fully executed by payment to the execution creditor," but that distinction is irrelevant here as the money was in the hands of the sheriff, and he had not fully executed the writ.

Counsel cites and relies on *In re Clinton Wine & Liquor, Inc.,* 40 F. Supp., 106, but in that case the trustee failed because of lack of proof of insolvency which is admitted in the case at bar. Nothing was said in that case that could be construed as a criticism of *Clarke* v. *Larremore, supra.* All the court said was that it did not agree with the referee's conclusion that it controlled in the case before it, as manifestly it did not because of the difference in the facts on the subject of the financial condition of the bankrupt at the time.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., MATTHEWS and ROSS, JJ., concur in the syllabus, opinion and judgment.