In the Matter of Esley L. CORBIN, Sr., Bankrupt.

Dr. James POON, Appellant,

v.

David H. TODD, Trustee, Appellee.

No. 15846.

United States Court of Appeals
Sixth Circuit.

Sept. 14, 1965.

Randal A. Anderson, Jr., and Lee B. Kasson, Jr., Cincinnati, Ohio, for appellant.

David H. Todd, Cincinnati, Ohio, for appellee.

Before MILLER and O'SULLIVAN, Circuit Judges, and KENT, District Judge.

KENT, District Judge.

This is an appeal from a turn-over order entered by the Referee in Bankruptcy and affirmed by the District Court for the Southern District of Ohio.

The facts giving rise to the dispute are relatively simple. On October 24, 1962, a judgment was entered in the Hamilton (Ohio) County Court in favor of the appellant, Dr. James Poon, and against Esley Corbin. Thereafter the judgment was transferred from the Hamilton County Court to the Cincinnati Municipal Court. On December 25 or 26, 1962, a garnishment order was issued out of the Municipal Court for the City of Cincinnati and was served upon the First National Bank of Cincinnati, thereby creating a statutory lien on $195.81 of the funds of Corbin then on deposit in the bank. A hearing was held on January 10, 1963, and thereafter an order was entered requiring the garnishee to pay the funds into the court to be applied toward satisfaction of the plaintiff's judgment against Corbin. On January 18, 1963, the garnishee, First National Bank of Cincinnati, paid the amount on deposit into the Cincinnati Municipal Court.

On January 21, 1963, Esley Corbin filed his petition in bankruptcy in the United States District Court for the Southern District of Ohio. On that same day the Cincinnati Municipal Court paid over to Dr. Poon, or his agent, the money which had been paid into the court by the First National Bank of Cincinnati.

Thereafter the appellee, David H. Todd, was appointed trustee for the Estate of Esley Corbin, a bankrupt. Pursuant to the petition of the trustee and over the objections of the appellant an order was entered by the Referee in Bankruptcy on October 29, 1963, requiring the appellant to turn over the money, previously obtained, on the theory that the trustee was entitled to the fund as property of the bankrupt upon which the appellant had a lien at the time that the bankruptcy was filed.

The order of the Referee was appealed to the District Court and was affirmed by order entered December 20, 1963, the Court holding that the money was the property of the bankrupt, "subject only to a lien which had been rendered void by the provisions of 11 U.S.C. § 107 (a), and vested in the trustee as of the date of filing. 11 U.S.C. § 110(a)."

The District Court relied upon In re Brown, 85 Ohio Law Abst. 463, (Ohio, 1960), and Neyer v. Reuben H. Donnelley

Corporation, 78 Ohio App. 216, 69 N.E. 2d 435 (1946).

The argument of the trustee is based on § 67, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. a:

"(a) (1) Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition initiating a proceeding under this title by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this title: *Provided, however,* That if such person is not finally adjudged a bankrupt in any proceeding under this title and if no arrangement or plan is proposed and confirmed, such lien shall be deemed reinstated with the same effect as if it had not been nullified and voided."

Thus the real issue is whether title to the money on deposit with the Cincinnati Municipal Court had passed to the judgment creditor or whether the judgment creditor had a lien on the money which was null and void under the provisions of § 67, sub. a.

In Neyer v. Reuben H. Donnelley Corporation, supra, there was an unsatisfied judgment against the bankrupt on September 2, 1942. On September 15, 1942, an execution sale was held. On the same date the bankrupt filed his petition in bankruptcy. On September 18, 1942, an officer distributed a portion of the proceeds to the judgment creditor. The trustee later filed suit to recover the proceeds paid to the judgment creditor. The Ohio court said at 69 N.E.2d 436–437:

"The question is whether the defendant's title had become so complete and absolute at that time as to make it paramount to the claim of the trustee in bankruptcy. We think not.

"In 6 American Jurisprudence, 623, relative to the effect of filing a petition in bankruptcy, it is said: 'Upon the filing of the petition, in general, all power of inchoate rights to become consummated or vested rights ceases.' And it is stated further at page 725: 'Where the possession of the state court has created a lien by legal proceedings within four months of the bankruptcy and while the debtor is insolvent, the state court does not retain jurisdiction; the property affected must upon adjudication of bankruptcy, be surrendered to the bankruptcy court.'

"Money realized on execution remains in the custody of the law so long as the executing officer retains it under the writ.

"In Keating v. Spink, 3 Ohio St. 105, 124, 62 Am.Dec. 214, the court, quoting from an earlier case, said: 'While the money remains in the hands of the officer, *it is in the custody of the law.* It does not become the property of the judgment creditor till it is paid over * * *.' That case is a leading one on the subject, and the principle stated is uniformly set forth as a part of the test statement of the law. 17 Ohio Jurisprudence, 979; 21 American Jurisprudence, 169."

In In re Brown, 85 Ohio Law Abst. 463, the Ohio court reached a similar conclusion. A Municipal Court trustee had been appointed under the laws of the State of Ohio to receive and distribute to creditors nonexempt wages. Several payments were made to the trustee and were distributed. The debtor filed in bankruptcy on April 7, 1960, at which time the trustee held $623.74 which had been paid to him by the debtor under the terms of the trusteeship. Contrary to instructions from the attorney for the bankrupt, the Municipal Court trustee made distribution to creditors on April 23, 1960, of sums held by him at the time that the debtor filed in bankruptcy.

The trustee in bankruptcy filed a petition for a turn-over order which petition was granted. The Ohio Court said at page 466:

"The payments made to a county or Municipal Court trusteeship prior to the filing of petition in bankruptcy and not distributed prior to bankruptcy are in custodia legis. This is true also of funds held by sheriff who sold personal property and held the proceeds of such sale at the time of the filing of a voluntary petition in bankruptcy. The claim of the creditor cannot be perfected by the payment to him thereafter. The power to consummate inchoate rights ceases upon the filing of a petition in bankruptcy.

"Neyer v. Donnelley Corporation, 78 Ohio App., 216 [69 N.E.2d 435], cited and approved in Securities, Inc. v. L. & N. Railroad Company, 94 Ohio App., 323 at 327 [115 N.E. 2d 9] and the same ruling in Keating v. Spink, 3 Ohio St., 105 at 124, 62 American Decisions, 214.

"Funds in the hands of a Municipal Court trustee represent only an attempt to transfer assets of a debtor and they remain in custodia legis. The clerk trustee in a Municipal Court is not an adverse party. Miller v. Potts, 26 Federal (2nd) [851] 857, 6th Circ. 12 A.B.R. (N.S.), 367."

We recognize that in Neyer an execution was involved rather than a garnishment, and in Brown a trusteeship was involved rather than a garnishment. In each case, however, the Ohio courts held that the creditor had a lien upon the proceeds of the execution or trusteeship and did not hold title to the proceeds.

The appellant relies upon In re Estes, 105 F.Supp. 761 (N.D.Tex.1952), and Stacey v. Daniels, an unreported 1943 opinion from the Court of Common Pleas of Hamilton County, Ohio, which opinion was affirmed without opinion by the Court of Appeals of Ohio. An examination of the memorandum opinion in Stacey indicates clearly that it was decided prior to the 1959 amendment to 11 U.S.C.A. § 1, which provides:

"(12) 'Date of adjudication' shall mean the date of the filing of any petition which operates as an adjudication, or the date of entry of a decree of adjudication, or if such decree is appealed from, then the date when such decree is finally confirmed or the appeal is dismissed."

and is, therefore, not a controlling authority in this case. See also Securities, Inc. v. Louisville & N. R. Co., 94 Ohio App. 323, 115 N.E.2d 9 (1953).

In re Estes, supra, is not applicable to the facts here present, first, because it is a decision under the laws of the State of Texas, and second, because the facts are quite different.

While the Ohio courts have made no determination as to when title to money realized on garnishment, and in the possession of the law, passes to the creditor, it appears to this court that title had not passed at the time the petition in bankruptcy was filed. Under analogous decisions based upon execution sale, as in Neyer, or money held by a Municipal Court trustee, as in Brown, we can only conclude that the Ohio courts would reach the same conclusion in regard to the proceeds of a garnishment order.

It must, therefore, be concluded that payment having been made to the creditor by the court on the same day as the petition in bankruptcy was filed, that the creditor had only a lien on the fund, which lien was extinguished by the bankruptcy petition by virtue of the provisions of 11 U.S.C.A. § 107, sub. a.

The decision of the district court is affirmed.