**In the Matter of Raymond Walter CRUFF, Bankrupt.**

**No. 67–BK–782–R.**

United States District Court
W. D. Virginia,
Roanoke Division.

Jan. 31, 1968.

Charles D. Carrington, Legal Aid Society, Roanoke, Va., for bankrupt.

Richard C. Pattisall, Roanoke, Va., trustee.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This matter is before the court on the petition of the Lewis Gale Hospital, Roanoke, Virginia, garnishing creditor, for review of the order of the referee in bankruptcy setting aside as a voidable preference a payment of $200 to the petitioner from the bankrupt's employer under garnishment proceedings.

The facts are these. On November 20, 1964 the garnishing creditor obtained a judgment against the bankrupt in the amount of $575.40 and $4.25 court costs. On September 11, 1967 the garnishing creditor instituted garnishment proceedings in the Circuit Court of Roanoke County, Virginia, returnable November 3, 1967. (The referee did not challenge

the above information although it was found to be unsupported by any exhibits.) An execution in garnishment was then issued by the Circuit Court and served upon the garnishee, bankrupt's employer, and the bankrupt. The $200 in possession of the garnishee and owing to the bankrupt was paid into the Circuit Court. On November 3, 1967 the $200 held by the Circuit Court was paid over to the petitioner. On the same day, November 3, 1967, the bankrupt filed a petition in bankruptcy. On November 6, 1967, the Bankruptcy Court ordered the garnishee to turn over all moneys owing bankrupt as wages as of November 6, 1967 and all money held under garnishment to bankrupt's attorney and then to the Bankruptcy Court. However, as above indicated, the $200 already had been paid over to the petitioner at the time of this order. Applying Section 60 of the Bankruptcy Act [1] the referee determined that the payment to the petitioner constituted a voidable preference and ordered it to be turned over to the trustee in bankruptcy. The referee stated in his conclusions of law that "[t]he creditor, Lewis Gale Hospital, had reason to believe that the bankrupt was insolvent, or otherwise would not have instituted garnishment proceedings." The petitioner has filed the present petition for review and reversal of the referee's decision on the ground that the payment was not a voidable preference because the garnishing creditor did not have reasonable cause to believe that the bankrupt was insolvent at the time of the transfer. The petitioner argues that the mere institution of garnishment proceedings does not show that he had reasonable cause to believe the bankrupt was insolvent.

The question on this petition is: does the institution of garnishment proceedings by a creditor show that he had reasonable cause to believe the debtor-bankrupt was insolvent? If so, and if this belief continued at the time of the transfer, the transfer may be set aside as voidable preference under Section 60 of the Bankruptcy Act.

"The test of when a creditor has such reasonable cause has often been said to be when such a state of facts is brought to the creditor's notice, respecting the affairs and pecuniary condition of the debtor, as would lead a prudent business person to the conclusion that the debtor is insolvent." I-T-E Circuit Breaker Co. v. Holzman, 354 F.2d 102, 105 (9th Cir. 1965); 3 Collier, Bankruptcy ¶ 60.53 (14th ed. 1967). The creditor does not have to have actual knowledge or belief of the debtor's insolvency, but only reasonable cause to believe that he is insolvent at the time of transfer. Holzman, supra; In Re Markham, 254 F.Supp. 948 (W.D.Va.1966). And Section 60 requires more than mere suspicion or apprehension that the debtor may be insolvent. Grant v. National Bank, 97 U.S. 80, 24 L.Ed. 971 (1877); In Re Markham, supra.

Here the petitioner instituted the garnishment proceedings to effect collection of a debt which had remained unpaid for several years. Garnishment is a method of collecting a debt with the aid of the judiciary where a creditor is otherwise unable to obtain payment from the debtor. It is an unwarranted conclusion to say without more evidence that everytime an unpaid creditor institutes garnishment proceedings he knows or has reasonable cause to believe that the debt-

---

1. Bankruptcy Act § 60, 11 U.S.C.A. § 96 (Supp.1967). The pertinent portions are:
   § 60 a. (1) A preference is a transfer, as defined in this title, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this title, the effect of which trans-

fer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class.
   b. Any such preference may be avoided by the trustee if the creditor receiving it or to be benefited thereby or his agent acting with reference thereto has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent.

or is insolvent. It is commonly held that the acquisition of additional security by an anxious creditor does not of itself show that the creditor had reasonable cause to believe the debtor was insolvent. "A creditor may feel anxious about his claim and have a strong desire to secure it or have it paid, and yet not have such belief as the act requires. Obtaining additional security or receiving payment of a debt under such circumstances is not prohibited by the law." Everett v. Warfield Mining Co., 37 F.2d 328, 330 (4th Cir. 1930); accord, International Minerals & Chem. Corp. v. Moore, 361 F.2d 849 (5th Cir. 1966); Moran Bros., Inc. v. Yinger, 323 F.2d 699 (10th Cir. 1963). Similarly, we are not able to say that the mere institution of garnishment proceedings constitutes reasonable cause to believe the debtor is insolvent. Moreover, it has been held that garnishment by a collection agency is not in itself evidence of "reasonable cause". In In Re C. R. Pope & Associates, Inc., 246 F.Supp. 791, 798 (D.Hawaii 1965) the court said: "Now, is the garnishment of the various organizations owing money to the debtor in itself evidence of reasonable cause on the part of the collector to believe the customer is insolvent? It is standard procedure for any collection agency to garnish all known or suspected customer accounts and banks with which the debtor is known or believed to be dealing." Here too garnishment is a general method of effecting collection of a debt and in the absence of other evidence does not prove that the creditor had reasonable cause to believe the bankrupt-debtor was insolvent. The trustee in bankruptcy seeking to avoid the transfer has the burden of proving all the essential elements of a voidable preference. Aulick v. Largent, 295 F.2d 41 (4th Cir. 1961). The trustee has not met the burden of proving that the creditor had reasonable cause to believe the debtor was insolvent, having adduced no other evidence than that of the garnishment. We, therefore, reverse the order of the referee which set aside the payment as a voidable preference.

■ However, another matter which was not considered by the referee is involved here and must be dealt with. In Virginia "garnishment is the process by which a judgment creditor enforces the lien of his execution against any debt or property due his judgment debtor in the hands of a third person, garnishee." Lynch v. Johnson, 196 Va. 516, 84 S.E.2d 419, 421 (1954). Because petitioner obtained a lien as a result of the execution which occurred within four months before the filing of the bankruptcy petition, Section 67 is called into play.[2] "[T]he real issue is whether title to the money on deposit with the [Circuit] Court had passed to the judgment creditor or whether the judgment creditor had a lien on the money which was null and void under the provisions of § 67, sub. a." In Re Corbin, 350 F.2d 514, 516 (6th Cir. 1965). Having received the referee's finding as to the time of payment on remand, we find that the money here involved was paid over to the petitioner by the court and title had passed to the petitioner a short time before the bankruptcy petition was filed and, therefore, the trustee has no remedy under § 67. In Re Corbin, supra. "So long as payment has not been made to the judgment creditor, his rights by virtue of the garnishment are subject to interception by the filing of the petition in bankruptcy by or against the principal defendant. * * * If the garnishing creditor has received payment in satisfaction of his lien prior to bankruptcy the trustee would have no remedy under § 67. The payment may, however, constitute a preference and be recoverable under § 60." 4 Collier, Bankruptcy ¶ 67.10

---

**2.** Bankruptcy Act § 67, 11 U.S.C.A. § 107 (1953). The pertinent portions are:

§ 67 a. (1) Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition initiating a proceeding under this title by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this title: * * *.

(14th ed. 1967). Having previously determined that the transfer was not a voidable preference, we hereby adjudge and order that the referee's decree be set aside.