152

THE STATE, EX REL. AUTO LOAN CO., INC., APPELLANT, *v.*
JENNINGS, CLERK OF CINCINNATI MUNICIPAL COURT,
APPELLEE.

(No. 41289—Decided May 8, 1968.)

154

*Mr. Lee B. Kasson, Jr.*, for appellant.
*Mr. William A. McClain*, city solicitor, and *Mr. Donald E. Hardin*, for appellee.

O'NEILL, J.   The question presented to this court for determination may be stated thus: Is the appellee under a clear legal duty to perform the official act demanded?

In support of the proposition that a clear legal duty exists, appellant argues (1) that the May 23, 1967, order of the Municipal Court vested it with title to the fund, thereby shielding the fund from recovery by the trustee, and (2) that the trustee's appearance in the Municipal Court precludes him from obtaining the August 29, 1967, order in the United States District Court.   Appellant does not contend that Wheeler was solvent, within the meaning

of Section 1(19), Title 11, U. S. Code, on May 23, 1967, when the Municipal Court issued its garnishment order.

Determination of this question requires an examination of the federal bankruptcy law and of appellant's interest in the funds when the debtor filed her bankruptcy petition. Section 107(a)(1), Title 11, U. S. Code, provides:

"Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition initiating a proceeding under this Act by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent * * *."

In addition, Section 110(c), Title 11, U. S. Code (1968 Supp.), states:

"The trustee may have the benefit of all defenses available to the bankrupt as against third persons, including statutes of limitation, statutes of frauds, usury, and other personal defenses; and a waiver of any such defense by the bankrupt after bankruptcy shall not bind the trustee. The trustee shall have as of the date of bankruptcy the rights and powers of: (1) a creditor who obtained a judgment against the bankrupt upon the date of bankruptcy, whether or not such a creditor exists, (2) a creditor who upon the date of bankruptcy obtained an execution returned unsatisfied against the bankrupt, whether or not such a creditor exists, and (3) a creditor who upon the date of bankruptcy obtained a lien by legal or equitable proceedings upon all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt upon a simple contract could have obtained such a lien, whether or not such a creditor exists. * * *"

These sections empower the trustee to void certain liens obtained within four months of bankruptcy and vest the trustee with title to the bankrupt's property on that date. See *Lewis* v. *Manufacturers National Bank of Detroit* (1961), 364 U. S. 603, 5 L. Ed. 2d 323, 81 S. Ct. 347.

The appellant suggests that under Ohio law the Mu-

nicipal Court's entry ordering the garnishee to pay the money into court vested title in the judgment creditor and thereby defeated the trustee's attempt to void the lien under Sections 107(a) and 110(c), U. S. Code. See Nadler, The Law of Bankruptcy (2d), Section 678 (1948). See, also, *Humphrey* v. *Tatman* (1905), 198 U. S. 91, 49 L. Ed. 956, 25 S. Ct. 567; *Thompson* v. *Fairbanks* (1905), 196 U. S. 516, 49 L. Ed. 577, 25 S. Ct. 306. Appellant contends, therefore, that the order of the bankruptcy court requiring appellee to pay over the funds to the trustee is a nullity.

Appellant asserts that the appellee is confronted with only one "valid" order and that this valid order places the appellee under a clear legal duty to pay the funds to the appellant.

Appellant's contention is not persuasive. The creditor's "inchoate" right of action is extinguished where the adjudication in bankruptcy occurs when the debtor was insolvent at the time the garnishment order was issued. Paragraph four of the syllabus in *Secor* v. *Witter* (1883), 39 Ohio St. 218, reads:

"The order of a justice is not a judgment charging the garnishee. It does not determine the ultimate rights of the parties. It can only be enforced by actions as in other cases. In legal effect it is an assignment of defendant's rights in the claim to the plaintiff, and authorizes him to sue thereon in his own name, if the order is not complied with."

Explaining the effect upon a judgment creditor of an order directing the garnishee to pay, the court, in *Secor* v. *Witter, supra*, said, at page 231, that it "simply authorizes the plaintiff [judgment creditor] * * * to take the place of the defendant [debtor], and sue in his own name, if the order is not complied with. The attaching creditor does not acquire a more summary remedy for the collection of his debt, by such an order, than the defendant had." See *Alsdorf* v. *Reed* (1888), 45 Ohio St. 653, 17 N. E. 73; Section 2715.11 *et seq.*, Revised Code; Section 1911.33 *et seq.*, Revised Code.

The order of garnishment provides the judgment creditor with a chose in action. Being a mere chose in action, the judgment creditor's right to the funds ceases upon the adjudication of bankruptcy, where the debtor is insolvent at the time the garnishment order is issued.

In *Neyer* v. *Reuben H. Donnelly Corp.* (1946), 78 Ohio App. 216, 69 N. E. 2d 435, a judicial sale to satisfy a judgment creditor's lien was held on the same day that the bankruptcy petition was filed. Confronted with the necessity to determine whether the judgment creditor or the trustee was entitled to the fund obtained in the judicial sale, the court said the question was "whether the defendant's [judgment creditor's] title had become so complete and absolute at that time as to make it paramount to the claim of the trustee in bankruptcy." The court found that it had not, and held that "money in the hands of a sheriff realized from a sale of personal property on an execution to satisfy a personal judgment at the time a voluntary petition in bankruptcy is filed by the judgment debtor does not belong to the judgment creditor, but is in the custody of the law and the claim of the judgment creditor cannot be perfected by its payment to him thereafter. The power to consummate inchoate rights ceases upon the filing of a petition in bankruptcy." See *Securities, Inc.,* v. *Louisville & Nashville Rd. Co.* (1953), 94 Ohio App. 323, 115 N. E. 2d 9. See, also, *Clarke* v. *Larremore* (1903), 188 U. S. 486, 47 L. Ed. 555, 23 S. Ct. 363; *In re Brown* (1960), 85 Ohio Law Abs. 463. The federal district court, in the *Brown case, supra,* at page 466, reiterated the position taken in *Neyer, supra,* stating that "the payments made to a county or Municipal Court trusteeship prior to the filing of petition in bankruptcy * * * are *in custodia legis.* This is true also of funds held by sheriff who sold personal property and held the proceeds of such sale at the time of the filing of a voluntary petition in bankruptcy. The claim of the creditor cannot be perfected by payment to him thereafter. The power to consummate inchoate rights ceases upon the filing of the petition in bankruptcy."

The reasoning in the foregoing cases was applied to garnishment liens by the court in *In re Corbin* (C. A. 6, 1965), 350 F. 2d 514. In the *Corbin case*, a creditor obtained a money judgment and had a garnishment order issued requiring the garnishee to pay the money into the court several days prior to the time the debtor filed her voluntary petition in bankruptcy. The garnishee complied with the order and the funds were transferred to the judgment creditor on the same day that the debtor filed his voluntary petition in bankruptcy. Thereafter the trustee sought to recover the funds from the judgment creditor. A "turnover" order issued by the bankruptcy referee against the judgment creditor requiring him to transfer to the trustee the funds received from the garnishment proceedings was affirmed by the district court. The judgment creditor contended that when the Municipal Court ordered the garnishee to pay the fund into court and when the court paid out that fund to the judgment creditor, the trustee in bankruptcy no longer could recover the fund.

The Court of Appeals, at page 516, said that "the real issue is whether title to the money on deposit with the Cincinnati Municipal Court had passed to the judgment creditor or whether the judgment creditor had a lien on the money which was null and void under the provisions of Section 67, sub. a."

Further, at page 517, the court said:

"While the Ohio courts have made no determination as to when title to money realized on garnishment, and in the possession of the law, passes to the creditor, it appears to this court that title had not passed when the bankruptcy petition was filed. Under analogous decisions based upon execution sale, as in *Neyer*, or money held by a Municipal Court trustee, as in *Brown*, we can only conclude that the Ohio courts would reach the same conclusion in regard to the proceeds of a garnishment order.

"It must, therefore, be concluded that payment having been made to the creditor by the court on the same day as the petition in bankruptcy was filed, that the creditor had only a lien on the fund, which lien was extinguished by the

bankruptcy petition by virtue of the provisions of 11 U. S. C. A., Section 107, sub. a."

Upon the issuance of a garnishment order, the judgment creditor obtains a chose in action against the garnishee. When the garnishee pays the funds into court pursuant to the garnishment order and is discharged, the judgment creditor obtains a lien upon the funds and a chose in action against the public official holding the funds to compel payment to the creditor pursuant to the court order. Such funds in the hands of the public official, however, are not shielded from a trustee in bankruptcy where the debtor is insolvent when the garnishment order is issued.

The rule that mere garnishment of property does not vest "title" in a judgment creditor is established in many jurisdictions. *J. H. Mulrein Plumbing Supply Co.* v. *Walsh* (1924), 26 Ariz. 152, 222 P. 1046; *Herman Bros.* v. *Katz Bros.* (1898), 101 Tenn. 118, 47 S. W. 86; *Howe* v. *Johnson* (1897), 117 Cal. 37, 48 P. 978; *Mussey* v. *Perkins* (1864), 36 Vt. 690; *Columbia Bank* v. *Jacobs* (1862), 10 Mich. 349; *Arnold* v. *Brown* (1832), 41 Mass. 89; *Fettyplace* v. *Dutch* (1833), 30 Mass. 388; *Dobbins* v. *Hanchett* (1886), 20 Ill. App. 396. Moreover, it has been widely recognized that even if the garnished funds have been "paid over" to the judgment creditor, the trustee in bankruptcy may recover the funds if the debtor was insolvent at the time the garnishment order was issued. See *Bass* v. *Stodd*, 357 F. 2d 458 (C. A. 9, 1966); *Aviation Investments, Inc.*, v. *Cameron*, 350 F. 2d 959 (C. A. 5, 1965); *Howarth* v. *Universal C. I. T. Credit Corp.* (W. D. Pa. 1962), 203 F. Supp. 279; *In re Riccobono* (S. D. Cal. 1956), 140 F. Supp. 654. See, also, *Zittman* v. *McGrath* (1951), 341 U. S. 471, 95 L. Ed. 1112, 71 S Ct. 846; *Bostian* v. *Miller* (C. A. 10, 1960), 285 F. 2d 498.

In the case of *Howarth* v. *Universal C. I. T. Credit Corp., supra,* the credit corporation garnisheed and received bank deposits of a debtor pursuant to judgment entered in the creditor's favor. Less than four months later the debtor was adjudged bankrupt. The trustee brought action against the judgment creditor to obtain control of the

funds for the benefit of the bankrupt's estate. Despite the fact that the money had been "paid over" to the creditor, in apparent satisfaction of the garnishment lien, the court, at page 282, held that the trustee could recover the fund, stating that "the lien against the bank cash obtained by the attachment within four months of bankruptcy and while * * * [the debtor] was insolvent is null and void. Section 67 of the Bankruptcy Act, 11 U. S. C. A., Section 107."

See *In re Corbin, supra*; Nadler, The Law of Bankruptcy (2d), 536, Section 663 (1965); 4 Collier, Bankruptcy, 116, Paragraph 67.08 (14 Ed. 1967); 4 Remington, Bankruptcy, Section 1613.1 (1957).

Therefore, the order of the Municipal Court, in the instant case, directing the garnishee to pay the funds into court, did not *give the appellant a clear legal right to the funds, nor did it impose upon the appellee a clear legal duty to transfer the funds to the appellant.*

The appellee asserts that the trustee's appearance in the Municipal Court precluded him from obtaining the order in the bankruptcy court. With the trustee foreclosed, the appellant suggests that a clear legal duty on appellee's part exists to pay the fund as directed by the Municipal Court. The doctrine of *res judicata* is urged as the basis for this conclusion. However, *res judicata* has no bearing here. The mere fact of a prior adjudication of issues does not, *ipso facto*, prevent their relitigation in a subsequent proceeding. *Res judicata* is an affirmative defense. For prior adjudication to bar relitigation of issues already determined, *res judicata* must be specially pleaded, or it is waived. Rule 8(c), Federal Rules of Civil Procedure; *State, ex rel. Moore,* v. *Industrial Commission* (1943), 141 Ohio St. 241, 47 N. E. 2d 767; *Clark* v. *Baranowski* (1924), 111 Ohio St. 436, 145 N. E. 760; *Handy Cafe, Inc.,* v. *Justices of Superior Court,* 248 F. 2d 485 (C. A. 1, 1957), certiorari denied, 356 U. S. 902, 2 L. Ed. 2d 580, 78 S. Ct. 561; *Scholla* v. *Scholla,* 201 F. 2d 211 (C. A. D. C. 1952), certiorari denied, 345 U. S. 966, 97 L. Ed. 1384, 73 S. Ct. 951.

Where a trustee has litigated and lost in a state court,

his use of the bankruptcy court to avoid the state court result has been prevented when *res judicata* was raised in the second suit. *Heiser* v. *Woodruff* (1946), 327 U. S. 726, 90 L. Ed. 970, 66 S. Ct. 853. See *Fischer* v. *Pauline Oil & Gas Co.* (1940), 309 U. S. 294, 84 L. Ed. 764, 60 S. Ct. 535.

In the instant case, although appellant was listed as a creditor in the bankruptcy proceeding in the federal court, it did not plead *res judicata* against the trustee when he attempted to obtain the order in the bankruptcy court. See Title 11, Section 67(c), U. S. Code. Because *res judicata* was not claimed as a defense to the trustee's action in federal court, the prior adjudication is not binding upon him and the bankruptcy court could enter an order contrary to the one issued by the state court. Therefore, the doctrine of *res judicata* does not nullify the action of the bankruptcy court, nor does it create a clear legal duty on appellee's part to pay the fund to appellant.

If the order of the bankruptcy court was procedurally or constitutionally defective, or if the judgment debtor was solvent when the garnishment order was issued, then appellee would have a clear legal duty to pay the funds to the appellant. However, appellant neither urges these points, nor does the record indicate their existence. In the absence of any allegation or evidence to the contrary, this court will presume that the bankruptcy court acted lawfully, and that its "turn over" order of August 29, 1967, was premised on a finding that the debtor was insolvent when the garnishment was issued. Thus, Section 107(a), Title 11, U. S. Code, is dispositive. See *Heflebower* v. *Heflebower* (1921), 102 Ohio St. 674, 677, 133 N. E. 455; *Bostian* v. *Miller, supra* (285 F. 2d 498); *Runner* v. *Scott* (1898), 150 Ind. 441, 50 N. E. 479; 1 Freeman, Judgments (5 Ed. 1925), 830, Section 387. See, also, *State, ex rel. Speeth,* v. *Board of County Commrs.* (1955), 163 Ohio St. 159, 126 N. E. 2d 449.

A possible invalidity of the bankruptcy court's orders can not serve to create a clear legal duty on appellee's part to pay the fund to appellant. See, also, *Bazell* v. *Cincinnati* (1968), 13 Ohio St. 2d 63, 75, 233 N. E. 2d 864.

The order of the Municipal Court did not impose a

clear legal duty on appellee. Mandamus is defined by Section 2731.01, Revised Code, to be, in part, "a writ * * * commanding the performance of an act which the law specially enjoins as a duty resulting from an office * * *." This court said in *State, ex rel. Spellmire,* v. *Kauer* (1962), 173 Ohio St. 279, 280, 181 N. E. 2d 695, that "the extraordinary writ of mandamus will be granted only upon a showing of a clearly defined legal duty and a plain dereliction of that duty." See *Cullen* v. *State, ex rel. Toledo* (1922), 105 Ohio St. 545, 138 N. E. 58. While it goes without saying that appellee was under a duty to obey the directives of the Municipal court, no *clearly defined legal duty* has been shown in the instant case. The presence of the bankruptcy court's order and injunction negate the existence of a clear, unfettered duty on the part of the clerk.

It is the burden of the relator to show that he is entitled to the extraordinary writ of mandamus. *State, ex rel. Welsh,* v. *Ohio State Medical Board* (1964), 176 Ohio St. 136, 198 N. E. 2d 74, certiorari denied, 379 U. S. 846, 13 L. Ed. 2d 67, 85 S. Ct. 130; *State, ex rel. Baines,* v. *Parrino* (1963), 174 Ohio St. 531, 190 N. E. 2d 571; *State, ex rel. Vitoratos,* v. *Walsh* (1962), 173 Ohio St. 467, 183 N. E. 2d 917, appeal dismissed and certiorari denied, 371 U. S. 25, 9 L. Ed. 2d 96, 83 S. Ct. 135; *Maloney* v. *Court of Common Pleas* (1962), 173 Ohio St. 226, 181 N. E. 2d 270; *State, ex rel. Stark,* v. *Zipf* (1961), 172 Ohio St. 462, 178 N. E. 2d 249.

Appellant has failed to show that he has a clear legal right to the fund or that appellee was under a clear legal duty to pay the fund to appellant. Therefore, mandamus will not lie.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT, SCHNEIDER and BROWN, JJ., concur.