In the Matter of Shirley
DODDS, Debtor.

Bankruptcy No. 1-92-05012.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Nov. 25, 1992.

Forest Heis, Cincinnati, Ohio, for petitioner.

Robert Goering, Cincinnati, Ohio, for respondent.

## ORDER RE: DEBTOR'S MOTION TO DISSOLVE GARNISHMENT AND ORDERING EMPLOYER TO PAY OVER FUNDS

J. VINCENT AUG, Jr., Bankruptcy Judge.

This Chapter 7 case is before the Court on Debtor's Motion to Dissolve Garnishment and Order Employer to Pay Over Funds, and the objection thereto filed by Cincinnati Metropolitan Housing Authority.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

Sometime in June of 1992, the Cincinnati Metropolitan Housing Authority obtained a judgment against Shirley Dodds for unpaid rent. On September 23, 1992, the Housing Authority filed an Affidavit and Order and Notice of Garnishment in Hamilton County Municipal Court. The answer of employer (garnishee) was filed October 13, 1992, and indicates that the garnishment notice was received by the employer on September 25, 1992, that $214.78 was withheld from Ms. Dodds' pay pursuant to the garnishment notice, and that the pay period for which the monies were withheld was from September 6, 1992 through September 19, 1992. It is not known whether the withheld funds have actually been paid to the Municipal Court or whether the employer is still holding the funds, but it is known that the funds have not been forwarded to the judgment creditor.

Shirley Dodds filed a voluntary Chapter 7 petition on September 30, 1992. On October 9, Ms. Dodds' counsel filed an application for an order restraining creditor, dissolving garnishment, and ordering employer to pay over funds. An order granting the application was entered the same day. Cincinnati Metropolitan Housing Authority filed a response on October 13 and a hearing was conducted November 5, 1992.

At the hearing, counsel for the Metropolitan Housing Authority argued that since the funds were withheld by the employer some five days prior to the bankruptcy filing, and since the funds withheld were from monies due for the pay period September 6 through September 19, 1992, then these funds were no longer property of the debtor and thus could not belong to the debtor's estate, and should instead be paid over to the judgment creditor. Counsel conceded, however, that if the funds were to be paid over, they may be subject to a trustee's preference avoidance action.

Debtor's counsel argued that the Sixth Circuit's 1965 ruling in *In re Corbin*, 350 F.2d 514 (6th Cir.1965), is controlling in these circumstances. In the *Corbin* case, a judgment creditor received monies from the Cincinnati Municipal Court which had been paid into the Court by a garnishee. The same day the judgment creditor received the monies, the judgment debtor

filed for bankruptcy protection. The debtor's trustee then sought and received a turnover order requiring the creditor to pay over the funds received by way of the garnishment. The issue for the Sixth Circuit was framed as whether title to the money on deposit with the Cincinnati Municipal Court had actually passed to the judgment creditor or whether the judgment creditor merely had a lien on the money, which lien was null and void under the provisions of § 67 of the Bankruptcy Act. The Court reviewed a number of Ohio cases that held that where monies are held in the custody of the law and not distributed prior to bankruptcy, title does not pass to the creditor.

Since the *Corbin* decision, other Courts in Ohio have concurred with the Sixth Circuit that while a garnishment order may create a lien (which is subject to the trustee's avoiding powers) on the debtor's property, the debtor's legal and equitable rights in that property are not extinguished upon garnishment. *See, e.g., In re Sininger,* 84 B.R. 115 (Bankr.S.D.Ohio 1988); *In re Evans,* 78 B.R. 145 (Bankr.N.D.Ohio 1987); *In the Matter of Gray,* 41 B.R. 374 (Bankr. S.D.Ohio 1984); *State, ex rel. Auto Loan Co. v. Jennings,* 14 Ohio St.2d 152, 237 N.E.2d 305 (1968).

The creditor has not cited any case law that would overrule *Corbin* and its progeny, and that, coupled with a long history of local practice, convinces this Court that under the circumstances presented, the funds withheld from the debtor's paycheck by her employer under the garnishment notice are property of the debtor's estate. Since the amount of money involved falls within the debtor's allowed exemptions, the money shall be turned over to the debtor forthwith by the employer.

IT IS SO ORDERED.