In re Charles/Tammy CUMMINGS,
Debtors.

Van Wert Co. Hospital,
et al., Plaintiffs,

v.

Bruce C. French, Trustee,
et al., Defendants.

Nos. 00–3111, 99–33500.

United States Bankruptcy Court,
N.D. Ohio.

Jan. 8, 2001.

Janice A. Quatman, Lima, OH, for debtors.

Bruce C. French, Lima, OH, for Estate of debtors.

James F. Hearn, Wapakoneta, OH, for plaintiff.

Anthony L. Geiger, Lima, OH, for creditor.

## MEMORANDUM OPINION
## AND DECISION

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court upon Trustee's Motion for Summary Judgment, and Memorandum in Support; and the Plaintiff's Motion for Summary Judgment, Memorandum in Support, and Response to the Trustee's Motion for Summary Judgment. In addition, Robert K. Holmes, Clerk of Courts for the Municipal Court of Lima, as a third-party defendant, submitted a Response to the Trustee's Motion for Summary Judgment. This Court has now had the opportunity to review the arguments of Counsel, the exhibits, as well as the entire record of the case. Based upon that review, and for the following reasons, the Court finds that the Trustee's Motion for Summary Judgment should be Denied; and that the Plaintiff's Motion for Summary Judgment should be Granted.

### FACTS

The relevant facts of this case, which are not in dispute, are very straightforward. In 1998 the Debtors, Charles Cummings and Tammy Cummings (hereinafter referred to collectively as the "Debtors") were sued by two separate creditors for unpaid debts. These creditors were the Plaintiff, Van Wert County Hospital, and Anesthesia Associates of Lima, Inc. Attorney Hearn served as legal counsel for both of these creditors.

In July of 1998, the Van Wert County Hospital obtained a default judgment in the amount of Six Hundred Forty-seven and 08/100 dollars ($647.08) against the Debtors after they failed to appear in the state court proceeding. In order to enforce this judgment, Attorney Hearn, obtained on August 21, 1998, an order of garnishment against the Debtor, Charles Cummings (hereinafter referred to individually as the "Debtor") which was then served on the garnishee (the Debtor's employer) on August 24, 1998. On August 5, 1999, almost one (1) year after service of the Plaintiff's garnishment order was perfected on the garnishee, it appears that in accordance with the garnishment order, the garnishee paid to the Lima Municipal Clerk of Courts an amount of slightly less than Three Hundred dollars ($300.00). However, before these funds were disbursed, the Debtors, on August 23, 1999, filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code.

On August 25, 1999, the Lima Municipal Court received notice of the Debtors' bankruptcy petition. In addition, on that same day, the Debtors, by and through their attorney, filed a Motion to release the garnished funds to the Trustee. This motion was then granted by an order entered on September 1, 1999, by the Honorable Rickard Workman. However, just before this order was entered, the Lima Municipal Clerk of Courts, on August 29, 1999, processed and mailed the approximately Three Hundred dollars ($300.00) in garnished funds to Attorney Hearn, who has since refused to turnover the funds to the Trustee. The reason given by the Clerk of Courts for issuing the garnished funds to Attorney Hearn, in opposition to Judge Workman's order, was that the release of the garnished funds, in addition to being done in accordance with state law, was done before the turnover order was received.

On October 20, 1999, the Trustee filed a Motion, which was subsequently granted, to intervene in the state court proceedings, the purpose of which was to allow the

Trustee to protect those funds which Judge Workman had ordered be turned over. The Trustee then, after the occurrence of some interim events which included the consolidation of the Creditors' cases, filed a Notice of Removal to this Court in accordance with 28 U.S.C. § 1452 and Bankruptcy Rule 9027. Thereafter, pursuant to Bankruptcy Rule 7056, the Trustee filed a Motion for Summary Judgment in which he asked for the following relief:

—An Order directing the turnover of the garnished funds to the Trustee; and

—an Order finding that the garnished funds are property of the estate subject to any exemptions which the Trustee may assert.

—In the alternative, the Trustee seeks an Order directing that the state court turnover any moneys that it may have had in its possession at the time that the Debtors filed their bankruptcy petition.

In support of his requests for relief, the Trustee asserts that the garnished wages turned over by the Debtor's employer to the Lima Municipal Clerk of Courts constituted property of the Debtors' bankruptcy estate under 11 U.S.C. § 541(a). On this issue, the Trustee also asserts that the turnover of funds by the Clerk of Courts to Attorney Hearn violated the automatic stay as contained in 11 U.S.C. § 362(a). In addition, the Trustee contends that the funds transferred by the Clerk of Courts was a preference, and thus is avoidable pursuant to 11 U.S.C. § 547(b). On these issues, Attorney Hearn, on behalf of the Van Wert County Hospital, filed a Summary Judgment Motion, asking that it be determined that the garnished funds at issue in this case are solely the property of the Creditor, Van Wert County Hospital, and not property of the Debtors' bankruptcy estate.

## LAW

Section 541 of the Bankruptcy Code provides in pertinent part:

(a) The commencement of a case .. creates an estate. Such an estate is comprised of all the following property, wherever located and by whomever held:

(1) ...[A]ll legal or equitable interests of the debtor in property as of the commencement of the case.

## DISCUSSION

Determinations concerning the administration of the debtor's estate, orders to turn over property of the estate, and other proceedings affecting the liquidation of the assets of the estate are core proceedings pursuant to 28 U.S.C. § 157. Thus, this case is a core proceeding.

The instant case has been brought before the Court upon the Parties' cross-motions for summary judgment. Under the Federal Rules of Civil Procedure, which are made applicable to this proceeding by Bankruptcy Rule 7056, a party will prevail on a motion for summary judgment when, "[t]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). In order to prevail, the movant must demonstrate all elements of the cause of action, but once that burden is established, the opposing party must set forth specific facts showing that there is a genuine issue for trial.*R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Inferences drawn from the underlying facts must be viewed in a light most

favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In addition, in cases such as this, where the Parties have filed cross-motions for summary judgment, the Court must consider each motion separately, since each party, as a movant for summary judgment, bears the burden to establish the nonexistence of genuine issues of material fact, and that party's entitlement to judgment as a matter of law. Thus, the fact that both parties simultaneously argue that there are no genuine factual issues does not in itself establish that a trial is unnecessary, and the fact that one party has failed to sustain its burden under Fed. R.Civ.P. 56 does not automatically entitle the opposing party to summary judgment. Charles Alan Wright, Arthur R. Miller & Mary Kaye Kane, 10A Federal Practice and Procedure § 2720, at 16–17 (1983).

When a debtor files for bankruptcy relief, any and all property that the debtor has a legal or equitable interest in, wherever located, becomes property of an estate. 11 U.S.C. § 541(a). Thereafter, any property encompassed within the scope of estate property is subject to an action for turnover by the bankruptcy trustee. *In re Iferd*, 225 B.R. 501, 502 (Bankr.N.D.Fla.1998). Conversely, property in which the debtor no longer has any ownership interest in, at the time the bankruptcy petition is filed, may be held free from the claims of both the debtor and the bankruptcy trustee. In conformance with this latter principle, Attorney Hearn, on behalf of the Van Wert County Hospital, contends that the funds garnished by the Debtor's employer are not subject to turnover because the Debtors, upon filing for bankruptcy, had no interest in such funds-the funds having been transferred by the Debtor's employer to the Lima Municipal Clerk of Courts prior to the time the Debtors filed for bankruptcy relief. In addition, Attorney Hearn asserts that even if the Debtors' bankruptcy estate has an interest in the garnished funds, the disbursement of the funds to the Lima Clerk of Courts and then to him would not, as the Trustee contends, constitute an avoidable preference as there exists a statutory defense thereto under 11 U.S.C. § 547(c)(8). In addressing these arguments, the Court begins with Attorney Hearn's contention that the Debtors, and thus by implication the Trustee, had no interest in the garnished funds once those funds were transferred to the Lima Municipal Clerk of Courts.

For purposes of § 541(a), a person's interest (or lack thereof) is determined by reference to applicable state law, which for purposes of this case means that Ohio law will be applicable since all the events which give rise to this proceeding transpired in Ohio. *In re Greer*, 242 B.R. 389, 394 (Bankr.N.D.Ohio 1999); *In re Sielaff*, 164 B.R. 560, 566 (Bankr.W.D.Mich. 1994). In *State ex rel. Auto Loan Co. v. Jennings*, the Ohio Supreme Court in interpreting Ohio law, and under factual circumstances similar to this case, stated in its syllabus that:

> Where a garnishee, under a garnishment order issued by a Municipal Court, pays the garnished funds to the clerk of the court, the garnished funds are not shielded from a trustee in bankruptcy where the judgment debtor is insolvent at the time the garnishment order is issued by the court.

14 Ohio St.2d 152, 237 N.E.2d 305, 307 (Ohio 1968). The reason for this holding was explained by the Ohio Supreme Court in its opinion as this:

> Upon the issuance of a garnishment order, the judgment creditor obtains a chose in action against the garnishee. When the garnishee pays the funds into

court pursuant to the garnishment order and is discharged, the judgment creditor obtains a lien upon the funds and a chose in action against the public official holding the funds to compel payment to the creditor pursuant to the court order.

\*    \*    \*    \*    \*    \*

Therefore, the order of the Municipal Court, in the instant case, directing the garnishee to pay the funds into court, did not give the [creditor] a clear legal right to the funds, nor did it impose upon the [Municipal Court] a clear legal duty to transfer funds to the [creditor]. *Id.* at 159–60, 237 N.E.2d 305, 310–11. In this case, although not actually stated, it appears that the Debtors were insolvent at the time the garnishment order was issued. Thus, in accordance with the above decision, the Plaintiff, at most, has a lien interest in the garnished funds held by the Lima Municipal Clerk of Courts. It is axiomatic, however, that lien interests held by a creditor do not eliminate a debtor's ownership interest in the property. *See State ex rel. v. Davis,* 111 Ohio St. 569, 574, 146 N.E. 82, 84 (Ohio 1924) (defining a lien as a hold or claim which one person has upon the property of another as a security for some debt or charge). Therefore, in accordance with the above decision, it can be stated that under Ohio law, until a court actually disburses a debtor's garnished funds to a judgment-creditor, the debtor retains an interest in those funds, which, upon the debtor filing for bankruptcy, would pass to the bankruptcy trustee under 11 U.S.C. § 541(a). Further supporting this position is the decision of *Poon v. Todd (In re Corbin),* 8 Ohio Misc. 26, 350 F.2d 514 (6th Cir.1965), which was rendered by the Sixth Circuit Court of Appeals.

In the *In re Corbin* case, a judgment-creditor received monies from the Cincinnati Municipal Court which had been paid into the Court by a garnishee. That same day, the judgment-debtor filed a petition for bankruptcy relief. Following this action, the bankruptcy trustee appointed to the debtor's case sought and eventually received an order for turnover which required the creditor to pay over the funds received by the way of the garnishment order. *Id.* at 515. Within the context of these facts, the Sixth Circuit set about determining whether the debtor, and thus the trustee, had a right to the funds, framing the issue as this: "whether title to the money on deposit with the Cincinnati Municipal Court had actually passed to the judgment creditor or whether the judgment creditor merely had a lien on the money which lien was null and void under the provisions of § 67 of the Bankruptcy Act." *Id.* at 516. In addressing this issue, the Court stated that the issue could be resolved by ascertaining "whether the [creditor's] title had become so complete and absolute at [the time of the bankruptcy so] as to make it paramount to the claim of the trustee in bankruptcy." *Id.* To this question, the Sixth Circuit Court of Appeals, after reviewing a number of Ohio cases, held that a debtor's legal and equitable rights in property are not extinguished in a garnishment action when the funds are held in the custody of the court. *Id.* at 517. As explained by the Court in *In re Corbin:*

> The payments made to a county or Municipal Court trusteeship prior to the filing of petition in bankruptcy and not distributed prior to bankruptcy are in custodia legis. This is true also of funds held by sheriff who sold personal property and held the proceeds of such sale at the time of the filing of a voluntary petition in bankruptcy. The claim of the creditor cannot be perfected by the payment to him thereafter. The power to

consummate inchoate rights ceases upon the filing of a petition in bankruptcy.

\*   \*   \*   \*   \*   \*

Funds in the hands of a Municipal Court trustee represent only an attempt to transfer assets of a debtor and they remain in custodia legis.

*Id.* (internal quotations and citations omitted). Since the *In re Corbin* decision, other courts interpreting Ohio law have similarly found that a debtor's legal and equitable rights in property are not extinguished upon garnishment. *In re Evans,* 78 B.R. 145, 146 (Bankr.N.D.Ohio 1987) (a judgment-debtor's interest in garnished funds are not extinguished upon garnishment); *In re Dodds,* 147 B.R. 719, 720 (Bankr.S.D.Ohio 1992) (funds withheld prepetition from a Chapter 7 debtor's paycheck by her employer under a garnishment notice were estate property, and thus had to be turned over to the debtor); *Sininger v. Fulton (In re Sininger),* 84 B.R. 115, 117 (Bankr.S.D.Ohio 1988) (when wages are paid into court pursuant to a garnishment order, the interest of the employee is not divested).

■ Attorney Hearn, on behalf of the Plaintiff, however, argues that notwithstanding the foregoing decisions, the Debtors had no legal or equitable interest in the garnished funds held by the Lima Municipal Clerk of Courts because pursuant to § 2716.06 of the Ohio Revised Code, a debtor has only five (5) days from the receipt of the notice of the order of garnishment to contest the validity of the garnishment. Simply put, Attorney Hearn argues that if a debtor fails to contest a garnishment order within the five (5) day time-frame provided in O.R.C. § 2716.06, as seems to be the situation in this case, the debtor thereafter relinquishes all legal and/or equitable interest in the garnished funds. The difficulty however, the Court has with this argument, is that in addition

to going against the above stated decision, substantively speaking the five (5) day prohibition against contesting the validity of a garnishment contained in O.R.C. § 2716.06 only applies in the situation where the debtor contests the amount of wages to be garnished, and does not apply when the debtor actually contests the creditor's right in the underlying judgment. Specifically, O.R.C. § 2716.06(C) provides that a hearing thereunder "shall be limited to a consideration of the amount of the personal earnings of the judgment debtor, if any, that can be used in satisfaction of the debt owed by the judgment debtor to the judgment creditor." Moreover, in the sample notice provided in O.R.C. § 2716.06, it is specifically provided that "no objections to the judgment itself will be heard or considered at the hearing." Accordingly, the Court must reject Attorney Hearn's argument, and thus for purposes of this case, the Court holds that when the Debtors petitioned this Court for bankruptcy relief, they still retained an interest in the garnished funds held by the Lima County Municipal Clerk of Courts, and that upon the Debtors filing for bankruptcy relief, this interest passed to the Trustee in accordance with 11 U.S.C. § 541(a). This holding, however, raises an additional question: with respect to the garnished funds, exactly what interest passed to the Trustee when the Debtors petitioned this Court for bankruptcy relief?

■ It is black-letter bankruptcy law that a bankruptcy trustee generally cannot acquire a greater interest in property than what was held by the debtor upon the commencement of a bankruptcy case. *See generally Mayer v. United States (In re Reasonover),* 236 B.R. 219, 226 (Bankr.E.D.Va.1999). In addition, and as partially delineated above, it is clear that with respect to garnished funds held by a court, a judgment-creditor retains a

lien interest in such funds. *Poon v. Todd (In re Corbin)*, 8 Ohio Misc. 26, 350 F.2d 514 (6th Cir.1965); *State ex rel. Auto. Loan Co. v. Jennings*, 14 Ohio St.2d 152, 237 N.E.2d 305 (Ohio 1968). Furthermore, such a lien is considered perfected, at the very latest, when the funds are taken into custody by the court. *Battery One–Stop Ltd. v. Atari Corp. (In re Battery One–Stop Ltd.)*, 36 F.3d 493, 494 (6th Cir.1994) (in a non-wage garnishment, perfection under Ohio law occurs at the time notice of the garnishment is served on the garnishee); *Ducker v. First Nat'l Bank of Southwestern Ohio (In re Gray)*, 41 B.R. 374, 377–78 (Bankr.S.D.Ohio 1984) (garnishment lien perfected when garnishment paid to court). As a consequence, the Plaintiff in this case has since August 5, 1999, held a perfected lien in the funds garnished by the Debtor's employer; the August 5th date being the prepetition date on which the Lima Municipal Clerk of Courts took possession of the garnished funds. The significance of this fact is that since a creditor's interest in a perfected lien is generally superior to that of the bankruptcy trustee's interest in that same property, the Trustee must point to some statutory authority by which he may defeat (or at least subordinate), the Plaintiff's interest in the garnished funds which are now held by Attorney Hearn. In this respect, the Trustee cites to 11 U.S.C. § 547(b)[1] which permits, under certain conditions, a trustee to avoid a transfer of property if the transfer of the property was made within ninety (90) days before the date of the filing of the bankruptcy petition.

In this case, there is no dispute between the Parties that the transfer by the Debtor's employer of the garnished funds to the Lima Municipal Clerk of Courts clearly falls within the ninety (90) day preference period provided for in § 547(b). Moreover, it is clear that a transfer for purposes of § 547(b) includes both the obtainment of a security interest and the subsequent perfection thereof. *Schreiber v. Emerson (In re Emerson)*, 244 B.R. 1, 36 (Bankr.D.N.H.1999); *Hunter v. Snap-on Credit Corp. (In re Fox)*, 229 B.R. 160, 167 (Bankr.N.D.Ohio 1998). However, in defense to the Trustee's claim of a preferential transfer, the Plaintiff contends that paragraph (c)(8) of § 547 provides a defense thereto.

Section 547(c)(8), which is frequently referred to as the "small preference" exception, provides that:

(c) The trustee may not avoid under this section a transfer—

(8) if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600.

Thus under this section, a transfer, despite being preferential for purposes of § 547(b), cannot be avoided if: (1) the case is filed by an individual debtor; (2) the debts held by that individual debtor are

---

1. This section provides that, "[e]xcept as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—(1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made (A) on or within 90 days before the date of the filing of the petition; or (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and (5) that enables such creditor to receive more than such creditor would receive if—(A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title."

primarily consumer debts; and (3) the aggregate value of all the property transferred is less than $600.00. In this case, the facts presented by the Parties clearly show that these requirements have been met. Accordingly, as the Trustee has cited to no other statutory section under which he could obtain a superior interest in the garnished funds, the Court must find that the Plaintiff, having a validly perfected lien in the garnished funds, has a superior interest in those funds for purposes of bankruptcy law. As a consequence, the Plaintiff is entitled to keep the garnished funds free from any claims of the Trustee. Moreover, as a result of this decision, the Court can see no purpose which would be furthered in finding that the automatic stay has been violated, or that the Lima Municipal Clerk of Courts should be held liable for the garnished funds which were transferred to Attorney Hearn.

However, notwithstanding the foregoing holding, the Court is troubled by one aspect of this case; namely why Attorney Hearn, in contravention to the state court order, kept the funds at issue in this case from the Trustee. In this respect, the Court, although not presented with all the circumstances surrounding Attorney Hearn's actions, strongly believes that Attorney Hearn, besides apparently breaching his duty as an officer of the court, was in violation of the state court order. The Court also observes that Attorney Hearn would not have compromised his client's position by turning over the funds to the Trustee, as the Trustee would have been required to keep the funds until the issues presented herein had been determined. The Court, however, given that it comes to this case late, and given that Judge Workman refrained from taking any action against Attorney Hearn, declines at this time to carry this issue any further.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment submitted by the Trustee, Bruce French, be, and is hereby, DENIED; and that the Motion for Summary Judgment submitted by Attorney Hearn on behalf of the Plaintiff, Van Wert Co. Hospital, be, and is hereby, GRANTED.