**In re David O. & Delores A. UPHAM, Debtors.**

**Bankruptcy No. 84–21097.**

United States Bankruptcy Court, W.D. New York.

April 30, 1985.

Christopher Werner, Rochester, N.Y., for debtors.

Harter, Secrest & Emery by David Struss, Rochester, N.Y., for Marine Midland Bank, N.A.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The bank, which has foreclosed a mortgage upon the debtors' real property, moved for a declaratory judgment asking this Court to determine whether the transfer of the deed and completion of the foreclosure sale of the real property was barred by the stay of 11 U.S.C. § 362(a) and to determine whether the sale was a fraudulent transfer in violation of 11 U.S.C. § 548. A hearing was held and briefs have been submitted at the Court's request covering the two issues set forth above.

The facts in this case are not in dispute. The debtors purchased the property at 20 Sunnyslope Drive, Hilton, New York on or about April 12, 1973. To finance the purchase, the debtors executed and delivered to Marine Midland Bank (Marine) a bond and mortgage in the amount of $22,000 bearing interest at 7½%. The debtors fell behind in their payment of the mortgage obligation. Mortgage installments due December 1, 1983 and thereafter, taxes, and other charges on the real property have not been paid. Marine commenced a foreclosure action in June, 1984 and a Judgment of Foreclosure and Sale was obtained on or about August 27, 1984. The property in question was sold on September 28, 1984 at approximately 11:24 A.M. The debtor filed a Chapter 7 petition on that same day, September 28, 1984 at 12:30 P.M. The property was sold by the appointed referee in the foreclosure action for a high bid of $37,500, providing that the bidder pay the taxes owing of approximately $11,272.21. The balance due to Marine on the mortgage including attorneys fees, costs, disbursements and taxes paid by Marine was $24,827.54. Marine claims that the property at the time of sale had an appraised value of $62,500. The debtors have submitted appraisals showing the property to be worth between $68,000–69,500.

The questions presented are whether the post-petition transfer of a deed and completion of a sale, subsequent to a prepetition foreclosure sale are barred by the automatic stay imposed by 11 U.S.C. § 362(a) and whether the foreclosure sale of September 28, 1984 is voidable by the trustee under 11 U.S.C. § 548.

With regard to the first issue raised, this Court discussed a similar set of facts in *In re Smith*, 7 B.R. 106 (Bankr.W. D.N.Y.1980). In *Smith*, it was decided that the post-petition transfer of the deed was not barred by the automatic stay because the real property was sold prior to the filing of the petition and, therefore, not part of the debtor's estate under 11 U.S.C. § 541. The Judgment of Sale, in addition to the actual sale, cut off all the debtors' interests in the property. *Id.* at 108. At that time, this Court relied on *In re Butchman*, 4 B.R. 379, 6 B.C.D. 403, 2 C.B.C.2d 174, BLD ¶67, 454 (Bankr.S.D.N.Y.1980), where Judge Schwartzberg reached the same conclusion. There appears to be nothing different in the law at the time this case arose which would necessitate a change in that opinion. Thus, the real property which was sold at the foreclosure sale is not property of the estate under § 541, because as of the commencement of the case the debtor had no legal or equitable interests in it under New York law. As a result, the automatic stay under § 362(a) of the Bankruptcy Code does not apply and the foreclosure sale purchaser is free to accept delivery of the referee's deed and complete the sale.

The second issue is a more troublesome one. 11 U.S.C. § 548 enables a trustee to avoid a transfer of an interest of the debtor in property where the transfer was made within a year of the date of filing the petition in bankruptcy and the debtors received less than a reasonably equivalent value in exchange for such transfer. The debtors must also be insolvent on the date

of transfer. No issue of solvency has been raised in this case. The foreclosure sale, which occurred on the day the petition was filed was clearly a transfer within one year of filing. *In re Hulm,* 738 F.2d 323 (8th Cir. 1984) *cert. denied,* ___ U.S. ___, 105 S.Ct. 398, 83 L.Ed.2d 331; *Durrett v. Washington National Insurance Co.,* 621 F.2d 201 (5th Cir. 1980); *In re New Yorketown Associates,* 40 B.R. 701, 10 C.B.C.2d 1143 (Bankr.E.D.Pa.1984).

■ The question then remains. Was the property sold for less than a reasonably equivalent value? Value is a slippery concept. Value of the same item for different purposes and at different times may be different. For example, the liquidation value of assets in a Chapter 11 is often significantly less than the going concern value. An auction sale frequently brings less than a more leisurely conducted sale. A sale at wholesale brings less than at retail. The examples are too numerous to mention. In a foreclosure sale situation, such as this, the standard that reasonably equivalent value must be a comparison between the foreclosure sale price and the appraised market value is not realistic.[1] Such a standard would neglect to take into consideration the realities of the foreclosure market.

For example, according to the terms of the mortgage in the case at bar, the mortgage lender, who was aggrieved by the failure of the mortgage borrower to make his monthly payments and keep his taxes current, had the right to commence a judicial proceeding in the Courts of the State of New York to foreclose the mortgage in question.[2] Under this procedure, a summons and complaint was served upon all the parties who had an interest in the property.[3] They were given an opportunity to answer and dispute any of the facts which the mortgage lender set forth in their complaint. In this particular case, the debtors chose not to dispute this proceeding.[4] As a result, the New York State Supreme Court in Monroe County appointed a referee to sell the property in question on the courthouse steps after notice was published for three or four successive weeks in a newspaper of general circulation within the county where the property is located.[5] Only after proof of such publication will the referee permit the auction sale to go forward.

No party has alleged that the foreclosure sale was not conducted according to the laws of New York State. Therefore, it is presumed that proper service of all papers was made, proper public notification of the sale was accomplished, and that the auction sale itself was properly conducted. The foreclosure proceeding, if properly conducted, placed anyone interested in buying real estate on notice that a sale would be held. Anyone who was in the market to buy real property at that point in time, had the opportunity to bid at the foreclosure sale. Anyone who thought the property was worth more than the highest bid could have stepped in and bid even higher. The value of property at any given point in time is what the market is willing to pay for it at that point in time. The highest bid received in a properly conducted foreclosure action, where there has been no complaint of foul play or improper process, is the reasonably equivalent value of that property. Viewed in this light, the duly conducted foreclosure sale in the case at bar resulted in a sale for $48,772.21 which was a sale for reasonably equivalent value.

For the foregoing reasons, the post-petition transfer of the deed and completion of

1. In the case at bar, $48,772.21 was the foreclosure sale price and the appraised values were between $62,000–$69,000. Therefore, even if this Court were to apply such a standard, it would find that the price received at the foreclosure sale, which is 71–78% of the appraised market values is not less than the reasonably equivalent value.

2. See § 318 Right to foreclosure, 38 N.Y.Jur. 617–20. The real property mortgage foreclosure proceedings in New York are regulated by the Real Property Actions and Proceedings Law (R.P.A.P.L.) §§ 1301 et. seq., 1351, and 1401 et. seq.

3. R.P.A.P.L. §§ 1301, 1311.

4. See R.P.A.P.L. § 1321.

5. See R.P.A.P.L. § 231.

the sale of 20 Sunnyslope Drive, Hilton, New York does not violate the stay imposed by 11 U.S.C. § 362(a) and the foreclosure sale cannot be avoided by the trustee under 11 U.S.C. § 548 and it is so ordered.