**In re Willie Frank EVANS, Debtor.**

**Bankruptcy No. B87–01836(B).**

United States Bankruptcy Court,
N.D. Ohio, E.D.

Sept. 30, 1987.

Angel Luis Arroyo, Lorain, Ohio, for debtor.

Deborah A. Basil, Dunn & Finley Co., L.P.A., Cleveland, Ohio, for movant American Express.

Richard A. Baumgart, Cleveland, Ohio, trustee.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter is before the Court upon the motion of American Express Company (American Express) seeking relief from the automatic stay provisions of 11 U.S.C. § 362. Upon notice to all parties entitled thereto, a hearing was held. For the reasons set forth herein, said motion is denied.

Pursuant to 28 U.S.C. § 157, this matter is a core proceeding, and jurisdiction is proper under 28 U.S.C. § 1334. American Express seeks relief from the automatic stay in order to enforce a garnishment lien it perfected in the state court.[1] Contending that since the garnished funds are on deposit in the state court and represent earned wages attached prepetition which were never in the Debtor's possession, American Express represents that the funds are not part of the Debtor's estate.

Section 541 of the Code [11 U.S.C. § 541] addresses the scope of property contained in a debtor's estate.[2] Intentionally, the Congress enhanced what constitutes estate property. *See*, H.Rept. No. 95–595 *to accompany*, H.R. 8200, 95th Cong., 1st Sess., pp. 175–76 (1977), *reprinted in* 1978 U.S. Code Cong. & Ad.News 5787, 5963, 6136. Particularly, this broader construction was to exceed the scope of the debtor's estate previously afforded under § 70(a)(6) of the Bankruptcy Act of 1898. The subject funds are on deposit in the state court as a result of American Express's prosecution of garnishment proceedings. Effectively, that action provided American Express with a lien against the Debtor's property.[3] *In re McNeely*, 51 B.R. 816 (Bankr.D.Utah 1985). Although § 541 is a creature of federal law and is to be construed accordingly, the issue of whether a property right exists in the debtor is to be determined and governed under applicable state law. *See*, *In re Upham*, 48 B.R. 695 (Bankr.W.D.N. Y.1985); *In re Rice*, 42 B.R. 838 (Bankr.D.

---

1. *American Express v. Willie F. Evans*, Case No. 86 CVF 1494 (Lorain Munic. Ct., April 29, 1987).

2. 11 U.S.C. § 541(a): "The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable inter- ests of the debtor in property as of the commencement of the case."

3. Under 11 U.S.C. § 101(32), a "'judicial lien' means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." Further, under § 101(33), "lien" is defined as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(33).

S.D.1984); *In re Town & Country Color Television*, 22 B.R. 421 (Bankr.D.N.M. 1982).

Under § 362(g) of the Code, the party requesting relief from the automatic stay provision has the burden of proof of the debtor's equity in the property, and the opponent has the burden of proof on all other issues. [11 U.S.C. § 362(g)(1) and (2)]. Herein, the movant, American Express, fails to address the issue of any equity the Debtor may have in the subject funds. It simply cites the Court to Ohio Revised Code Section 2716.05 for the proposition that "the order (of garnishment of personal earnings) shall bind the personal earnings of the judgment debtor due from the garnishee from the time of service." Certainly, that referenced section of the Ohio Revised Code stands true for what it imports; however, such section does not state nor imply that the Debtor has no rights to the property garnished. American Express has failed to meet its burden of proof. That section clearly speaks of personal earnings as being bound. It makes no mention of the judgment debtor's rights being extinguished. The extent of American Express's interest in the attached funds is that of a lien interest as defined in § 101(32) of the Code, and it has offered no non-bankruptcy law to assert that the Debtor's rights to the seized funds were extinguished. *See, In re Corbin*, 350 F.2d 514 (6th Cir.1965). The Sixth Circuit in *Corbin* held that a judgment creditor has only a lien on the debtor's property, and the debtor's interest is not extinguished upon garnishment.[4] Other courts, subsequent to the *Corbin* ruling, have concurred. *See, In re Gray*, 41 B.R. 374 (Bankr.S.D.Ohio 1984); *State, ex rel. Auto Loan Co. v. Jennings*, 14 Oh. St.2d 152, 237 N.E.2d 305, 43 Ohio Op.2d 250 (1968).

Accordingly, the garnished funds are property of the estate, and the Debtor has

vested rights therein. Having failed to meet the required burden of proof under § 362(g), American Express's motion for relief from stay is hereby denied.

IT IS SO ORDERED.

---

**4.** It is further noted that the subject garnishment was perfected on April 30, 1987, and the Debtor's Chapter 7 petition was filed on May 28, 1987. Under relevant provisions of 11 U.S.C. § 547(b), the trustee is allowed to avoid a transfer from the debtor's estate which was made within ninety days prepetition, since there is a

presumption of insolvency during that period. Moreover, § 547(d) authorizes the trustee to avoid a transfer of interest in the debtor's property to dissolve a judicial lien that would have been avoidable by the trustee under § 547(b). Thusly, the funds would be subject to turnover under § 542 of the Code.