HANDWORK, P.J., GLASSER and MELVIN L. RESNICK, JJ., concur.

---

**AMERICAN GENERAL FINANCE COMPANY, Appellee,**

v.

**UNITED READY MIX, INC., Appellant.**

[Cite as *American Gen. Finance Co. v. United Ready Mix, Inc.* (1990), 70 Ohio App.3d 195.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59397.

Decided Nov. 5, 1990.

*Richard M. May,* for appellee.
*Daniel D. Wilt,* for appellant.

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Local Rule 25, the record from the Cuyahoga County Court of Common Pleas, the briefs, and the oral arguments of counsel. Appellant United Ready Mix contends that the court erred by granting appellee American General Finance Company's motion for summary judgment.

Appellant is in the business of providing cement. Saint Elmore Armisted is an independent contractor who provides services to appellant. During 1986, appellee recovered judgment against Armisted on a consumer debt. On September 14, 1987, appellee filed a creditor's bill complaint against appellant. On March 11, 1988, appellant and appellee entered into an agreed judgment entry. The parties agreed that appellant was to remit twenty-five percent of Armisted's earnings to appellee to satisfy the judgment balance. Appellant failed to comply with the judgment entry and continued to pay Armisted without deducting twenty-five percent of his earnings.

On August 3, 1988, Armisted filed for bankruptcy. On August 15, 1988, appellee filed a complaint against appellant seeking to enforce the March 11, 1988 agreed judgment entry. Thereafter, appellee filed its motion for summary judgment. Appellant opposed, arguing that Armisted's bankruptcy stay barred appellee's complaint against appellant. The court rendered judgment in appellee's favor. The court found that:

"Since the obligation to pay $3,513.15 was an obligation of United Ready Mix, Inc. to plaintiff pursuant to a judgment in Cuyahoga County Common Pleas Case No. 136041, which arose prior to August 3, 1988, the stay provisions of the bankruptcy court upon the assets of Armisted entered on that date does [*sic*] not operate upon United Ready Mix's previously incurred separate obligation to plaintiff."

*In re Gray* (Bankr.Ct.N.D.Ill.1989), 97 B.R. 930, analyzes circumstances virtually identical to those presented in this appeal. There the court held that the taking of a judgment against the debtor's employer for failure to respond

to garnishment interrogatories and summons, and the creditor's later, post-discharge attempt to collect on his judgment against the employer, were not "proceedings against the debtor" to which stay or discharge injunction applied. *The employer, which had never actually withheld any wages from the debtor, had independent liability on the judgment.*

Accordingly, appellant's sole assigned error is overruled.

*Judgment affirmed.*

FRANCIS E. SWEENEY, P.J., STILLMAN and PRYATEL, JJ., concur.

SAUL G. STILLMAN and AUGUST PRYATEL, JJ., retired, of the Eighth Appellate District, sitting by assignment.