**CHERRY, Appellee,**

v.

**DeLEON et al., Appellants.**

[Cite as *Cherry v. DeLeon* (1996), 111 Ohio App.3d 747.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE11–1472.

Decided June 18, 1996.

*Lucas, Prendergast, Albright, Gibson & Newman* and *William F. Newman,* for appellee.

*McCorkle & Minnillo* and *Christopher J. Minnillo,* for appellants.

PEGGY BRYANT, Judge.

Defendant-appellant, Jose M. DeLeon ("DeLeon"), and appellant, DeLeon Heating & Cooling, Inc. ("DeLeon Heating & Cooling"), appeal from a judgment of the Franklin County Court of Common Pleas finding DeLeon Heating & Cooling in contempt of court.

On May 5, 1992, plaintiff-appellee, William F. Cherry, filed a complaint against DeLeon and Jose M. DeLeon, d.b.a. JMD Thermotics ("JMD Thermotics"), alleging default on an investment agreement. After the court entered summary judgment against DeLeon and JMD Thermotics, plaintiff filed an affidavit to commence R.C. 2716.11 garnishment proceedings. As part of the garnishment proceedings, plaintiff named DeLeon Plumbing, Inc. and DeLeon Heating & Cooling ("the corporations") as garnishees, and DeLeon and JMD Thermotics as judgment debtors. On February 11, 1993, the clerk of court served the notices of garnishment on the corporations.

On March 19, 1993, plaintiff filed a motion to show cause because Michael Freeze, vice president of both corporations, failed to appear at a March 18, 1993 garnishment hearing. On May 25, 1993, the referee [1] issued a report and entry, stating:

"By agreement of the parties the corporations, DeLeon Plumbing, Inc., and/or DeLeon Heating & Cooling, Inc., both being responsible for this Order, but a single amount to be paid into the Clerk of Courts as follows:

"It is ORDERED that said corporations pay to * * * the Clerk of Court, on or before the 10th day of the month the sum of Four Hundred and 00/100 Dollars ($400.00) each and every month until the claim of the creditor, William F. Cherry, is paid. * * *"

According to the entry, at the time the garnishment notice was served, the corporations owed DeLeon more than the amount of plaintiff's judgment.

For the next twelve months, the corporations paid the clerk of court each month. After the corporations ceased making payments, plaintiff on March 1, 1995, filed a contempt motion against DeLeon Heating & Cooling, alleging contempt of the May 25, 1993 order. In the meantime, on August 31, 1994, DeLeon had filed for Chapter 7 bankruptcy in the United States Bankruptcy Court, Southern District of Ohio, Eastern Division. On March 21, 1995, DeLeon gave notice of his bankruptcy filing to the common pleas court and moved to stay all common pleas court proceedings.

On April 7, 1995, the referee heard evidence concerning plaintiff's March 1, 1995 contempt motion and determined that DeLeon Heating & Cooling [2] was in contempt of the May 25, 1993 order. Further, the referee determined DeLeon's personal bankruptcy filing did not stay proceedings between plaintiff and garnishee DeLeon Heating & Cooling.

---

1. At the time of the hearing, the hearing officer was designated a "referee." On July 1, 1995, pursuant to amendments to Civ.R. 53, he became a "magistrate."

2. The referee found that DeLeon Plumbing, Inc. no longer was in business.

On August 9, 1995, the trial court adopted the magistrate's decision, found DeLeon Heating & Cooling in contempt of the May 25, 1993 order, and ordered DeLeon Heating & Cooling to make not only delinquent payments totaling $5,600, but also future payments of $400 per month.

On August 31, 1995, defendants appealed to this court, assigning the following errors:

"I. The referee and the trial court erred in considering the merits of appellees' contempt motion after the trial court was notified of the bankruptcy filing of appellant Jose DeLeon.

"II. The trial court erred in adopting a document captioned 'magistrate's decision,' which contained errors of law and other defects in the face of the decision. The trial court should have concluded that the bankruptcy of appellant Jose DeLeon was a bar against proceedings to collect the judgment of appellee William F. Cherry.

"III. The trial court erred in adopting a document captioned 'magistrate's decision,' which contained errors of law and other defects in the face of the decision. The trial court should have concluded that appellant DeLeon Heating & Cooling, Inc. did not become the guarantor of the debt to appellee William Cherry.

"IV. The trial court erred in adopting the magistrate's decision of a motion which was originally heard and considered pursuant to an order of reference to the referee, not the magistrate."

■ Initially, even though plaintiff contends the May 25, 1993 order was a judgment entry reflecting an agreement between plaintiff and the corporations, nothing within that order or the record indicates judgment against the corporations. Accordingly, we analyze the order as one finding DeLeon Heating & Cooling in contempt.

■ More particularly, throughout these garnishment proceedings, the corporations as garnishees were not named as parties to the suit. See *Januzzi v. Hickman* (1991), 61 Ohio St.3d 40, 42, 572 N.E.2d 642, 644, citing *Secor v. Witter* (1883), 39 Ohio St. 218. Nevertheless, upon the garnishees' answering the notice of garnishment and the court's discovering the corporations possessed "any money, property, or credits of the judgment debtor or [were] indebted to the judgment debtor," the court may order that the garnishees make payments to the court. R.C. 2716.21(B); R.C. 2716.21(D) ("A garnishee shall pay the * * * money or value of the property * * * other than personal earnings, of the judgment debtor in his possession or under his control, or so much thereof as the

court orders, into court."); see *Emerald City Jewelers, Inc. v. Jones* (Apr. 30, 1992), Cuyahoga App. No. 62635, unreported, 1992 WL 90746.

If the garnishee fails to comply with a proper court order to make payments, the court may proceed against the garnishee in contempt, R.C. 2716.21(E), or the judgment creditor may initiate a separate civil action. R.C. 2716.21(F); *Januzzi, supra; RLM Industries, Inc. v. Indep. Holding Co.* (1992), 83 Ohio App.3d 373, 376, 614 N.E.2d 1133, 1135; *Goralsky v. Taylor* (Mar. 22, 1990), Cuyahoga App. No. 56534, unreported, 1990 WL 32615 (trial court given discretion to determine if garnishee is in contempt under R.C. 2716.21). When the court proceeds against a garnishee for contempt, that garnishee becomes party to the suit only for contempt purposes. *Januzzi*, 61 Ohio St.3d at 45, 572 N.E.2d at 646; *Emerald City, supra*. If the court finds the garnishee violated a valid court order of which it had knowledge, the court properly may hold that garnishee in contempt. See *Arthur Young & Co. v. Kelly* (1990), 68 Ohio App.3d 287, 295, 588 N.E.2d 233, 239. Here, the court proceeded against the garnishees in contempt. Throughout these proceedings, plaintiff never initiated a separate R.C. 2716.21(F) civil action and never received an enforceable judgment against the corporations. See *Emerald City, supra*.

With that basis, we address jointly defendants' first and second assignments of error, as they both concern the effect of DeLeon's bankruptcy on the proceedings in the trial court.

At the time DeLeon filed for bankruptcy, plaintiff had a lien on, but no "title" to, the garnished funds. *State ex rel. Auto Loan Co. v. Jennings* (1968), 14 Ohio St.2d 152, 156–157, 43 O.O.2d 250, 252–253, 237 N.E.2d 305, 309–310; *In re Sininger* (Bankr.Ct.Ohio 1988), 84 B.R. 115; *In re Corbin* (C.A.6, 1965), 350 F.2d 514, 517. Similarly, as debtor, DeLeon had an equitable claim to those garnished funds. See *In re Dodds* (Bankr.Ct.Ohio 1992), 147 B.R. 719.

Once DeLeon filed for bankruptcy, his bankruptcy estate included most of his legal and equitable property interests [3] existing at the time of filing. Section 541(a)(1), Title 11, U.S.Code. By virtue of his equitable claims to garnished funds held by the corporations and by the court, the funds remained within his estate. See *Auto Loan, supra*, at paragraph two of the syllabus (garnished funds held by court part of bankrupt's estate when debtor insolvent at time garnishment ordered); *Sininger, supra; In re Evans* (Bankr.Ct.Ohio 1987), 78 B.R. 145, 146.

According to the automatic stay provisions of Sections 362(a)(3), (a)(4), and (a)(5), Title 11, U.S.Code, commencement of a bankruptcy proceeding stays

---

**3.** Section 541(b), Title 11, U.S.Code sets forth exceptions not included within the bankrupt's estate, but none of those exceptions is pertinent here.

attempts to collect or enforce liens against estate property or to obtain possession of such property. Without a separate enforceable judgment recasting the corporations' payments as corporate debt, plaintiff has no "title" to the funds, and the corporations have no independent liability to plaintiff. See *Am. Gen. Fin. Co. v. United Ready Mix, Inc.* (1990), 70 Ohio App.3d 195, 196, 590 N.E.2d 867. Because the contempt order may enforce plaintiff's lien on the garnished funds or may give plaintiff possession of those funds, the bankruptcy stay applies. *Corbin,* 350 F.2d at 517 (creditor receiving garnished funds on day of bankruptcy filing had lien only on funds, and lien was extinguished by Section 107[a], Title 11, U.S.Code); cf. *Am. Gen. Fin.,* 70 Ohio App.3d at 196, 590 N.E.2d at 867 (garnishee had previously incurred separate obligation to creditor based upon creditor's judgment against garnishee); *In re Waltjen* (Bankr.Ct.Ill.1993), 150 B.R. 419 (action against employer for failure to garnish wages and solely against employer's assets does not trigger stay, but action to terminate debtor's rights in wages violates stay); *In re Gray* (Bankr.Ct.Ill.1989), 97 B.R. 930, 935 (personal liability of garnishee as new and independent cause of action, not as an order to turn over debtor's assets).

Because the court's contempt order affects the corporations' obligation to pay garnished funds that are included in DeLeon's bankruptcy estate, the trial court violated DeLeon's automatic bankruptcy stay. *McCarthy v. Pacific Loan, Inc.* (D.Hawaii 1986), 61 B.R. 288, 290 (debt not garnishee's own because state statute does not allow automatic entry of judgment against garnishee for failing to obey court process); see, also, *Donovan v. Sunmark Industries, Inc.* (1983), 10 Ohio App.3d 219, 221, 10 OBR 294, 295–297, 461 N.E.2d 321, 323–324 (stay prohibits attempts to reach assets of debtor); see, also, *Waltjen, supra.*

Accordingly, defendants' first and second assignments of error are sustained, rendering the third and fourth assignments of error moot. App.R. 12(A).

Having sustained defendants' first and second assignments of error, rendering the third and fourth assignments of error moot, the judgment of the trial court is reversed, and this cause is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETREE, P.J., and BOWMAN, J., concur.