OPINION
In December 1998, plaintiff, Carr Supply, Inc., obtained a judgment in the Franklin County Court of Common Pleas against Carl Hatfield. Mr. Hatfield worked as a heating and air conditioning subcontractor for the defendant, Rockford Homes, Inc. However, at the time he ceased working for the defendant, he owed his suppliers, including the plaintiff, a substantial sum of money.
In an effort to collect its judgment, plaintiff initiated a garnishment proceeding against Mr. Hatfield pursuant to R.C. 2716.11 through 2716.21. As part of its collection efforts, plaintiff served the defendant with an order and notice of garnishment of property other than personal earnings on December 17, 1998. Defendant's president, Robert Yoakam, Jr., responded to the garnishment as follows:
Dear Sir/Madam:
 In regards to the Notice of Garnishment received in our office on December 17, 1998. On behalf of Carr Supply, Inc. against Carl Hatfield, there are no monies owed and due to Mr. Hatfield at this time.
 There has been a breach of contract by Mr. Hatfield and there are damages that are a direct result of the breach of contract. Rockford Homes does not currently know if there is sufficient money to cover the expenses to complete the work in progress.
Sincerely,
Rockford Homes, Inc.
On February 25, 1999, plaintiff filed this action asserting a claim against the defendant pursuant to R.C. 2716.21(F), arguing that the defendant was responsible to the plaintiff because defendant's response to plaintiff's notice of garnishment was inadequate. Defendant responded to the complaint informing the trial court that Mr. Hatfield had filed a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division, on February 10, 1999. Thereafter, the trial court placed plaintiff's action on inactive status pending the outcome of Mr. Hatfield's bankruptcy proceeding. The matter was reinstated once the bankruptcy proceeding was completed.
On May 30, and May 31, 2001, plaintiff and defendant filed opposing motions for summary judgment. In support of its motion for summary judgment, plaintiff argued that the defendant was independently liable to it for the amount of its garnishment against Mr. Hatfield because the defendant failed to properly respond to its December 1998 notice of garnishment. Conversely, the defendant argued that it was entitled to summary judgment because the defendant's judgment against Mr. Hatfield had been avoided as a preference under the provisions of the United States Bankruptcy Code by Mr. Hatfield's bankruptcy trustee. Defendant reasoned that since the debt upon which plaintiff's action was based had been discharged, that plaintiff could no longer attempt to collect upon the debt.
On July 11, 2001, the trial court issued a decision in which it denied the plaintiff's motion, and granted summary judgment in favor of the defendant. Therein the court explained:
 Plaintiff argues that it is undisputed that Defendant owed Carl Hatfield money when it falsely claimed in its answer that no money was due and owing. Plaintiff contends that although Defendant believed it was entitled to set-off any amount owed with the damages caused by Carl Hatfield's alleged breach of contract, the garnishment statutes required Defendant to indicate and pay to the Clerk of Courts the amount owed without taking into account any such set-offs. Thus, Plaintiff contends that it is entitled to summary judgment on the issue of liability.
 For the purposes of ruling on these Motions only, the Court will presume that Defendant's answer was unsatisfactory. However, any improper actions on the part of Defendant in responding to the garnishment must be examined in conjunction with federal bankruptcy law and the events that occurred during the bankruptcy proceeding.
 Pursuant to 11 U.S.C. § 547(B), a trustee may avoid any transfer of an interest of the debtor's property to or for the benefit of a creditor within ninety days before the date of filing of the bankruptcy petition, if the transfer enables the creditor to receive more than the creditor would have received upon the disposition of the bankruptcy estate. It was determined during the bankruptcy proceedings that as the garnishment was served within ninety days of the filing of the bankruptcy petition, it was a preferential transfer. The garnishment lien filed by Plaintiff was specifically voided. Thus, even if Defendant had paid the funds which Plaintiff claims were due and owing at the time the garnishment was served, such payment would have been deemed a preferential transfer and voided by the bankruptcy trustee.
 Plaintiff argues that under R.C. 2716.21(D) and (F)(1), it is entitled to whatever money was owed at the time the garnishment was served regardless of the outcome of the subsequent bankruptcy proceedings. However, the Court agrees with Defendant that the facts musts be examined in their entirety, and the bankruptcy proceedings cannot be ignored. Unfortunately for Plaintiff, Carl Hatfield filed for bankruptcy less than ninety days after the garnishment was served upon Defendant. Pursuant to the Agreed Order filed in the bankruptcy court, Plaintiff would not have been entitled to any funds paid in response to the garnishment order. Therefore, assuming that Defendant did file an unsatisfactory answer, Plaintiff cannot demonstrate that it was damaged as a result.
Plaintiff appeals that ruling, and proffers the following assignment of error:
 The Trial Court erred to the prejudice of Plaintiff-Appellant in finding that there were no genuine issues of material fact, and granting summary judgment in favor of Defendant-Appellee, Rockford Homes, Inc.
The key issue disputed by the parties is whether R.C. 2716.21
provides, under certain circumstances, independent liability against a garnishee. R.C. 2716.21 clearly provides for such independent liability starting with R.C. 2716.21(D), as follows:
 * * * A garnishee is liable to the judgment creditor for all money, property, and credits, other than personal earnings, of the judgment debtor in the garnishee's possession or under the garnishee's control or for all personal earnings due from the garnishee to the judgment debtor, whichever is applicable, at the time the garnishee is served with the order under section 2716.05
or 2716.13 of the Revised Code.
See, also, RLM Industries, Inc. v. Independent Holding Co. (1992),83 Ohio App.3d 373.
While the trial court was correct in concluding that the plaintiff can no longer attempt to collect from Mr. Hatfield, assuming the court were to conclude that the defendant failed to answer the plaintiff's notice of garnishment, failed to answer that garnishment satisfactorily, or had failed to comply with an order of the court, the court could proceed against the defendant for contempt. This remedy is contained in R.C.2716.21(E), which provides:
 If a garnishee fails to answer as required by this section, answers but fails to answer satisfactorily, or fails to comply with a proper order of a court in connection with a garnishment under this chapter, the court may proceed against the garnishee for contempt.
 Upon the request of the judgment creditor, a special examination of a garnishee may be had by the judgment creditor if the garnishee fails to answer as required by this section, answers but fails to answer satisfactorily, or fails to comply with a proper order of a court in connection with the garnishment. That examination may be conducted in the county in which the garnishee resides.
Additionally, R.C. 2716.21(F) allows a garnishee to bring its own action, as the plaintiff has done in this case, under the following circumstances:
 (1) If a garnishee fails to answer as required by this section, answers and the garnishee's answer is not satisfactory to the judgment creditor, or fails to comply with the order of the court to pay the money owed or deliver the property into court or to give the bond authorized under division (B) of this section, the judgment creditor may proceed against the garnishee by civil action. Thereupon, proceedings may be had as in other civil actions. Judgment may be rendered in favor of the judgment creditor for the amount of money owed the judgment debtor in the garnishee's possession at the time the garnishee was served with the order of garnishment under section 2716.05 or 2716.13 of the Revised Code and, if it appears on the trial that the garnishee's answer was incomplete, for the costs of the proceedings against the garnishee. An action authorized under this division shall be brought in the county in which the garnishee resides.
However, subsection (2) of R.C. 2716.21(F) provides that:
 A garnishee who acts, or attempts to act, in accordance with Chapter 2716. of the Revised Code is not liable for damages in any civil action for any action taken pursuant to that chapter in good faith or any omission made in good faith.
See, also, Cherry v. DeLeon (1996), 111 Ohio App.3d 747, 751, wherein this court explained that: "If the garnishee fails to comply with a proper court order to make payments, the court may proceed against the garnishee in contempt, R.C. 2716.21(E), or the judgment creditor may initiate a separate civil action. R.C. 2716.21(F)."
For the foregoing reasons, plaintiff's assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed. This cause is remanded to that court for a hearing to determine whether or not the defendant failed to act in good faith when it responded to the plaintiff's notice of garnishment.
Judgment reversed and cause remanded with instructions.
TYACK, P.J., and LAZARUS, J., concur.